## Bolar v. Browning.

(Decided February 3, 1916.)

### Appeal from Mason Circuit Court.

1. Continuance—Absence of Witnesses—Affidavit.—It is **not error** to refuse a continuance because of the absence of witnesses commanded to attend under section 556 of the Civil Code, in the absence of the affidavit required by Section 315 of the Civil Code.
2. Witnesses.—It is not error to permit a witness to be cross-examined upon any question upon which he was examined upon direct examination.
3. Trial—Instruction.—An instruction is not proper that assumes as true a question at issue in the case.
4. Evidence—Sufficiency.—Evidence examined and held. sufficient to support the verdict.

CHARLES L. DALY for appellant.

WORTHINGTON, COCHRAN & BROWNING for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

Appellant in this litigation by his pleadings sets up as the basis of a claim for malpractice against appellee, who is a practicing physician, the following:

That in March, 1913, he dislocated his right shoulder, and on that date employed appellee to render him the necessary medical treatment; that appellee through the lack of skill and proper attention failed to render him such treatment as his injury demanded. His allegations having been traversed, upon a trial before a jury a verdict was rendered in favor of appellee, and a judgment was entered dismissing appellant's petition, from which judgment his motion for a new trial having been overruled, appellant is appealing.

In the motion and grounds for a new trial, appellant assigns numerous grounds therefor, all of which are included, and will be considered, under the following heads:

1. Error of the trial court in admitting and rejecting evidence.

2. Error of the court in overruling appellant's motion for a continuance because of the absence of three witnesses, Doctors Dimmitt, Colvin and Yelton, and because of the failure of the witness, Dr. Cooper, to produce an X-ray picture of appellee's shoulder.

3. Error of the court in giving and refusing instructions.

4. That the verdict is flagrantly against and not supported by the evidence.

1. Counsel for appellant in brief urges that it was error upon the part of the court to permit Dr. Cooper, who made an examination by X-ray of the condition of his arm about a year and a half after the treatment was rendered by appellee, to describe the condition of the arm at that time as revealed to him by said examination; to which appellant objected because the doctor did not produce an X-ray picture of said condition. Dr. Cooper was appellant's witness, and had been introduced by him to describe this very condition, which he did on his direct examination.

Appellant bases his objection upon the ground that the X-ray picture would have been the best evidence of the condition of the arm at that time, and that it was error to admit the testimony of the doctor upon that quesion, because it was not the best testimony obtainable. The doctor stated that he had not made and did not have a picture from the plate made by him in the X-ray exam-

ination, so that even if the doctor had been appellee's witness upon that question his evidence still would have been admissible, because there was no X-ray picture in existence; but be that as it may, it certainly was not error to permit appellee to cross-examine this witness upon a question upon which appellant had introduced and examined him.

2. Counsel for appellant insists that all required diligence had been exercised to obtain the personal attendance of Doctors Dimmitt, Colvin and Yelton, the three witnesses whose absence is urged as a reason for a continuance, but the record does not bear him out in this. The only thing disclosed by the record in connection therewith is that appellant seven days before the case was called for trial filed an affidavit in the case stating that it was necessary to a correct determination of his case to have the personal attendance of these witnesses at the trial. The record does not show that any order of the court was asked for, refused or granted commanding their personal attendance, nor that any such order was executed upon these witnesses, nor that even a subpoena had been issued or executed upon any of these three witnesses; and appellant did not make the showing by affidavit required by section 315 of the Civil Code. Even if these witnesses had been subpoenaed, and an order of the court commanding their personal attendance had been served upon them, appellant would not have been entitled to a continuance, upon their failure to appear, in the absence of the showing required by said section of the Code: Ligon v. Allen, 168 Ky., 19. In the absence of the affidavit required under section 315 of the Code, it was no error to overrule appellant's motion for a continuance because of the absence of these witnesses, nor was it error to refuse the continuance because Dr. Cooper did not make or produce the X-ray picture, as appellant alleges he expected him to do. The provisions of section 315 of the Civil Code are also applicable to such evidence as this, and not having been complied with, appellant was not entitled to a continuance.

3. Counsel for appellant does not point out in his brief wherein the instructions that were given are erroneous, and we presume he means to waive that objection; however, we have carefully read the instructions given by the court, and are unable to discover in them

any error, certainly none prejudicial to appellant's rights. The only objection urged is to the court's refusal to give instruction "Z" offered by appellant in which the jury are told that it was the duty of appellee to have continued his attention so long as the case needed attention. This instruction is objectionable because it assumes that appellant needed further attention, and it makes appellee responsible for the correctness of his diagnosis without regard to whether he used diligence and skill in making same. This was the very question at issue in this case, and the court did not err in refusing to give the instruction.

4. Counsel for appellant devotes most of his brief to an attempt to show that the verdict is flagrantly against and not supported by the evidence. We think, however, counsel has overlooked the fact that the real issue was not the extent or permanency of his client's injury, but was whether or not the dislocation was present when appellee treated him, and whether or not appellee exercised skill and care in making his diagnosis. Appellant's testimony tends to prove that his shoulder was dislocated at the time appellee gave him treatment, but appellee testifies positively that such was not the case. Appellee's testimony is that he saw appellant but twice; the first time upon the day his shoulder was injured, and again the next morning; that he was called to appellant's house to see his children, who had the measles, and that he saw appellant only incidentally, but that he did make a thorough examination and applied a proper test to ascertain whether or not his shoulder was dislocated; that he felt sure it was not, but told appellant that if his arm did not get along all right to let him know. Appellant admits that appellee only saw him twice, but claims the first occasion was the day he was hurt, and that the next occasion was about three weeks thereafter. He says the doctor was called especially to see him, and his treatment of the children for measles was merely incidental to the visit to him. He does not deny that the doctor told him to let him know if he did not get along all right, but says, if he did tell him that he does not remember it; but he does admit that, although living within a few miles of the doctor's residence, he never again had the doctor to see his arm, and that upon the few occasions when he did see the doctor, he did not mention to him that there was any

trouble with his arm. Upon one occasion when he did see the doctor and did not mention any trouble with his arm, was about six months after he claimed the injury occurred, upon an occasion when the doctor was attending his wife in child-birth.

The verdict of the jury in the light of this testimony cannot be said to be unsupported by the evidence or so flagrantly and palpably against the evidence as to appear to have been given under the influence of passion and prejudice.

Perceiving no error in the trial of this case, the judgment is affirmed.