## Castleman v. Littrell.

(Decided January 14, 1916.)

### Appeal from Kenton Circuit Court
### (Common Law and Equity Division).

1. New Trial—Verdict Contrary to Evidence.—A new trial will not be granted upon the ground that the verdict of the jury is not sustained by sufficient evidence, in the absence of error by the trial court, unless the verdict is wholly unsupported by the evidence or is flagrantly against the weight of it, or has been superinduced by passion and prejudice.

2. New Trial—When Continuance Should be Asked.—A litigant taken by surprise, against which ordinary prudence could not guard, must at once move the court for a postponement or continuance, and not take the chances of a verdict, and if he fails, then move for a new trial.

BYRNE & READ for appellant.

HORACE W. ROOT and B. F. GRAZIANA for appellee.

OPINION OF THE COURT BY JUDGE HURT—Affirming.

The appellee, William Littrell, by his petition as amended, sued the appellant, David E. Castleman, in the Kenton circuit court, and sought to recover of him the sum of $700.00, with interest thereon at three per centum per annum, from November 22nd, 1912, which he alleged that appellant was indebted to him and refused to pay.

The appellant, for his defense, denied that he owed the appellee the amount sued for, or any more than the sum of $156.75, which he alleged that he had tendered to appellee, who had refused to receive it. He admitted having received into his hands the sum of $1,000.00, which was the money of appellee, but which he claimed had been paid to him, and that he received and held the same as a pledge to secure him, in part, as being the surety of appellee upon a bail bond in the sum of $5,000.00, and to secure, in part, the payment of a promissory note for the sum of $600.00, which appellee owed to him. He also held a mortgage upon real estate owned by appellee to further secure him as his bondsman, aforesaid, and to secure the payment of the note. The consideration for the $600.00 note was the undertaking of appellant, as an attorney-at-law, to conduct the defense of appellee in the Boone circuit court upon an indictment for mur-

der, for which he was to receive the sum of $500.00, and in the event the case should be appealed to the court of appeals, he was to receive the sum of $600.00, and the note was made to cover the contingency of the case being appealed. A suit was brought in the Campbell circuit court against appellee for damages, and that appellee, on the 4th day of December, 1912, entered into a contract with him to conduct the defense of that suit, and for which appellee agreed to pay to him the sum of $300.00 if no appeal to this court of that case was necessary, and $400.00 if an appeal should be taken. Appellant claimed that on December 4th, 1912, it was agreed between him and appellee, that appellant should apply $600.00 of the money in his hands to the payment of the $600.00 note, which was done, and the note delivered to appellee, and the remaining $400.00 was applied to the payment of the fee for conducting the defense of the suit in the Campbell circuit court, and he executed a receipt to appellee for same. The appellee was acquitted of the charge of murder in the Boone circuit court, and the case there ended, which made appellant due to return $100.00 of the money to appellee. The appellee refused to allow the appellant to conduct the defense of the suit against him in the Campbell circuit court, though appellant was able, ready and willing to do so. The suit, however, terminated favorably to appellee, and on that account appellant claimed that he was entitled to $300.00 and was due to return to appellee $100.00 of the amount paid him for the defense of that suit. He also made claim to having paid items of expenses for appellee in the defense of the murder charge in Boone county, and other items of indebtedness of appellee to him, to the aggregate amount of $43.25, which left him indebted to appellee from the receipt of the $1,000.00, the sum of $156.75, as heretofore stated.

The appellee denied that appellant received or held the $1,000.00 as a pledge or to secure the payment of the $600.00 or to hold appellant harmless as his surety, but claimed that appellant had received the $1,000.00 for him as an accommodation to him, and under a promise to pay it to him on the next day, and then refused to do so. He denied that the consideration of the note of $600.00 was the defense of the murder charge only, but claimed that the undertaking of appellant to defend him from an anticipated charge of carrying concealed deadly

weapons, and from a suit for damages in the Boone circuit court also constituted a part of the consideration for the note, and when the anticipated suit for damages was brought in the Campbell circuit court, the appellant sent for him to come to his house at Erlanger, and there, on the 4th day of December, 1912, he and appellant made a contract, by which they abrogated their previous contracts, and agreed that appellant should receive $300.00 for conducting the defense of the murder charge in Boone county if no appeal was necessary in the case, and $400.00 if an appeal should be taken in the conduct of the case, and appellant would give up to appellee the $600.00 note, which he did, and pay to him the balance of the $1,000.00 and be released from his contract to defend the damage suit against appellee. Appellee denied that appellant was engaged by him to conduct the defense of the suit against him for damages in the Campbell circuit court and was not entitled to receive anything from him therefor, and did not engage in the defense of the suit.

The trial of the case before the court and a jury resulted in a verdict by the jury in favor of appellee against appellant for the sum of $664.25, with interest thereon from November 22nd, 1912, and his costs. The amount of the $1,000.00 which the jury found that appellant was entitled to retain was the sum of $335.75.

The appellant's motion for a new trial being overruled, he has appealed to this court.

No objection was made to the instructions given by either side, and no complaint is made of the instructions upon this appeal.

The grounds relied upon for a reversal of the judgment are:

First. That the verdict is flagrantly against the evidence.

Second. Accident and surprise, which ordinary prudence could not have guarded against—in the finding of the one thousand dollar written order to J. R. Morris only after the trial.

As to the first ground relied upon, it may be said that the evidence was as conflicting as possibly it could be. The testimony of appellant and appellee was all that was heard as to many things, which one stated occurred and the other positively denied. Each one's contention, as to the truth of the facts upon which his

theory of the case depended, was corroborated by circumstances and inferences, which might reasonably be drawn from admitted facts. Each was corroborated in many statements by apparently disinterested witnesses. It was peculiarly the province of the jury to weigh the evidence, to determine the truth of it, and to determine from the evidence what were the actual facts, and when, under proper instructions it has done so, its verdict will not be disturbed, unless it is clearly and palpably against the weight of the evidence. In the absence of error by the trial court, where the evidence is conflicting, the verdict of the jury will not be disturbed, unless it appears that it is wholly unsupported by or is flagrantly against the evidence, or has been superinduced by passion or prejudice on the part of the jury. While this court, from the facts proven, may arrive at conclusions different from the jury, we are not authorized to invade its province, except as stated above. Louisville Water Co. v. Phillips' Admr., 139 Ky., 619; Bell-Coggeshall Co. v. Lewis, 28 R., 149; Tennessee Central Railroad Co. v. Brasher, 97 S. W., 349; I. C. R. R. Co. v. Long, 146 Ky., 170; Thompson v. Thompson, 93 Ky., 435; Bell v. Keach, 80 Ky., 42; L. & N. R. R. Co. v. Graves, 78 Ky., 74. It cannot be said in the case at bar that the verdict is unsupported by the evidence or is flagrantly against the weight of it or has been superinduced by passon or prejudice. Considering the conflicting character of the evidence, the verdict is not an unreasonable one to be arrived at.

The counsel for appellant insists, in his brief that the appellant was taken by surprise upon the trial by the testimony of the appellee, to the effect that he did not execute a written order to Morris to pay over to appellant the $1,000.00 in controversy. It does not appear how this testimony, however surprising it may have been to appellant, could have in any way prejudiced his cause. There was no issue made as to whether or not appellant received this money from Morris. He stated that he received it; Morris states that he paid it to him upon the written order of appellee; and appellee stated that he verbally directed Morris to pay it over to appellant. It was wholly immaterial as to whether appellant received it upon a written order or verbal order. In testifying in chief appellant said that he supposed Morris still retained the order. He had

Morris present as a witness and introduced him as such, and proved by him the fact of the money being paid to him upon a written order, which he stated that he had still in his possession, he thought, but was unable to find it upon a cursory examination. Appellant with knowledge of where the order was, had exercised no diligence to have it present. The exercise of ordinary prudence by appellant would have caused its presence, if it was then still in existence and could have been found. If, when appellee stated that he did not give any written order, appellant was surprised by the statement and regarded it as material to his cause to produce the written order in court, he should then have moved the court for a postponement of the trial, until the order could have been found and brought into court. He could not take the chances of a verdict in his favor without the order and failing, to move for a new trial. Shipp v. Suggett, 9 B. M., 5; Kentucky Dis. & Wh. Co. v. Wells, 149 Ky., 275; Ivers v. Avery & Son, 6 R., 220; Monarch v. Cowherd, 114 S. W., 276. Further, the record fails to disclose the fact that if a new trial was granted, that the written order could be produced in court, as there is no affidavit or anything on file to show whether the written order is yet in existence or can be found.

It is therefore ordered that the judgment appealed from be affirmed.