## Ligon v. Allen, By et al.

(Decided January 20, 1916.)

### Appeal from Henderson Circuit Court.

1. Trial—When Refusal to Issue Attachment for Witness Not Ground for New Trial.—The refusal of the trial court to issue an attachment for a witness whose attendance may be coerced and who has been subpoenaed will not furnish ground for a new trial, in the absence of a motion for a continuance on account thereof accompanied by the affidavit provided in section 315 of the Civil Code.

2. Evidence—X-Ray Photograph—Admissibility.—A picture produced by an X-ray is admissible evidence upon the same rules as are pictures made by a camera, when verified by proof that they are true representations.

3. Trial—Verdict—When Will Not be Disturbed.—The verdict of a jury will not be disturbed because not sustained by the evidence unless it is clearly and palpably against the weight of it.

FRED FORCHT, DORSEY & DORSEY, CLAY & CLAY and N. P. TAYLOR for appellant.

JOHN C. WORSHAM and H. M. STANLEY for appellees.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

This is an appeal from the judgment of the Henderson Circuit Court in favor of the appellee for $2,605.00, and is the second appeal. The first appeal reported in 157 Ky., 101 was from a judgment for $3,105.00 in favor of the appellee which was reversed for the sole reason that X-ray photographs were not properly accredited before their introduction as evidence by appellees.

A reversal is sought now by the appellant upon the following grounds: (1) The lower court erred in refusing the defendant an attachment for a material witness; (2) that the X-ray photographs although properly accredited were incompetent as evidence because there is no positive proof that the arm so photographed was in

the same condition at the time the photographs were taken as it was when treated by defendant; and (3) the verdict is flagrantly against the evidence, and not supported by the evidence.

1. The witness for whom appellant desired an attachment, which was refused by the court, was an actively practicing physician, Dr. W. A. Poole, to secure the personal attendance of whom appellant had caused to be issued and served upon said witness a subpoena, and an order of court, under section 556 Civil Code, commanding his personal attendance. Dr. Poole had given his testimony upon the former trial of this case; it had been transcribed and was a part of the record of said trial. When the case was called for trial Dr. Poole was not present, but was attending a patient in child-birth, and the court refused on that account to issue an attachment for him. Appellant did not ask, and was not refused, a continuance until Dr. Poole could attend or his attendance would be coerced, nor did he offer to read to the jury Dr. Poole's evidence as given by him on the former trial.

The absence of a material witness upon a proper showing may be cause for a continuance which if refused by the court upon motion therefor, will furnish ground for reversal. But in the absence of a motion to continue the party will be presumed to have elected to try without the witness. The order for his personal attendance granted by the court and served upon a physician only removes his exemption from personal attendance and leaves him exactly as any other witness whose absence under section 315 of the Civil Code will furnish ground for continuance if asked for after a proper showing. Here there is no showing of what this witness knew or that it was material, without which appellant could not have sustained even a motion for continuance. The absence of a material witness even after a proper showing can only support a motion to continue, and in the absence of the motion for a continuance can be urged for no purpose whatever, certainly not as a ground for reversal.

2. The second objection of appellant that the court erred in admitting as evidence the X-ray pictures when there was no positive proof that the arm so photographed was in the same condition at the time photographed as when it was treated by appellant, is not supported by the evidence. The appellee, his father and his mother

all testified positively that the arm was in the same condition when photographed by X-rays as when treated by appellant, and there is other evidence to the same effect. While it may be admitted that this evidence was not conclusive since there was evidence for appellant to the effect that there had been an intervening injury to the arm, this evidence did not affect the admissibility of the photographs as evidence. They were admitted properly, we think, as showing the true condition of the arm at the time the photographs were taken, and there being some evidence that the condition then was the same as when the arm was treated by appellant, it was properly left to the jury to decide whether or not the arm was at that time in the same condition as when treated by appellant. 17 Cyc., 417, and other authorities cited by appellant hold that photographs when introduced to show a condition are not admissible unless there is proof to show that they represent the exact condition at the time of the acts complained of. This is correct, and the photographs in this case would not have been admissible if there had been no proof that they represented the exact condition at the time of the treatment rendered by appellant, but, as we have stated, there was positive proof by several witnesses that these photographs did represent the exact condition at that time. Appellant's objection to the introduction as evidence of these photographs is evidently based upon the assumption that the requirement of positive evidence that they represent the exact condition, means that it must be conclusive evidence; that positive evidence means the same as conclusive evidence. This manifestly is not true. Evidence is frequently positive and not at all conclusive. The question of the conditions under which X-ray photographs may be introduced as evidence is very comprehensively discussed in the opinion of this court by Chief Justice Miller upon the former appeal of this case in 157 Ky., 101, and the photographs when introduced at the second trial having satisfied the requirements as therein stated were competent evidence.

3. Appellant's contention that the verdict is flagrantly against and not supported by the evidence can not be sustained here. There is, to be sure, a decided conflict of evidence, but there is much evidence sustaining appellee's contention that his arm did not receive proper treatment or attention from appellant, and that its pres-

ent useless and deformed condition is a result thereof.
Two juries have so found upon practically the same evidence. Counsel for appellant did not ask for a peremptory instruction, thereby conceding there was sufficient evidence to warrant a submission to the jury, nor does he criticise the instructions under which it was submitted or the amount of damages awarded, and it must be conceded that we are not warranted in disturbing the verdict of a jury under such circumstances, unless it is clearly and palpably against the weight of evidence. Thompson v. Thompson, 93 Ky., 345; Urso v. Unverzagt, 2 R., 228; L. & N. R. R. Co. v. Graves, 78 Ky., 74; McClain v. Esham, 17 B. M., 146; Bell v. Keach, 80 Ky., 42.

After a careful consideration of the evidence in this case, we are quite certain that the verdict is supported by much competent evidence, and cannot be said to be clearly and palpably against the weight of the evidence.

Wherefore, the judgment is affirmed.