## Baker, et al. v. Morris, et al.

(Decided January 27, 1916.)

### Appeal from Hancock Circuit Court.

1. Trial—Burden of Proof.—Burden of proof is upon the party against whom judgment carrying costs would go in the absence of proof.

2. Appeal and Error—Final Order.—Sustaining a demurrer to a paragraph in a petition is not a final order, and after amendment another demurrer to said paragraph as amended having been filed

and overruled destroys the effect of the former order of the court sustaining the first demurrer.

3. Damages—Loss of Profits.—Loss of profits growing out of an existing collateral or subordinate agreement may be recovered where they were within the contemplation of the parties when the original contract was made, but, as in other cases of special damages, the defendant must have had notice of such collateral contract at the time.

4. Appeal and Error—Instructions.—An instruction that is open to criticism because inaccurately drawn, but which properly defines the measure of damages, is not ground for reversal when party objecting is not prejudiced thereby.

LITTLE & SLACK and J. D. KELLY for appellants.

BEN D. RINGO and G. D. CHAMBERS for appellees.

OPINION OF THE COURT BY JUDGE CLARKE.—Affirming.

On August 9, 1911, appellants sold to appellees, Coots & Moors, the oak and hickory trees on one hundred and nineteen acres of their land with privileges of a mill site and passage ways on the land to enable said appellees to install a mill, to cut and prepare for market said timber, and to remove it therefrom at any and all times until January 1st, 1913. On the same day said Coots & Moors entered into a written contract with the appellee, Owensboro Wagon Company, about the meaning and intention of which there is some confusion occasioned by apparent incorrect uses of the terms "party of the first part" and "party of the second part," but which contract clearly conveys to the Owensboro Wagon Company all of the property and rights that said Coots & Moors had obtained under their contract from appellants, in consideration for which said company agreed to pay to them stipulated prices for the several kinds and grades of timber produced by them in the preparation of said trees for market.

On October 28, 1912, said Owensboro Wagon Company sold and transferred to appellee, L. E. Morris, all of the timber and rights conveyed to it by Coots & Moors, except such timber as had been theretofore removed by said Coots & Moors from said land under their contract, said Coots & Moors having failed to complete said contract.

On November 7, 1912, while Morris and a number of his employes were attempting to cut into logs the balance of said trees, and preparing to work up at the mill on said land, all of the logs, etc., into lumber of the sizes and dimensions required by said contract, appellants stopped

them, put them off of the land and refused to permit said
Morris to proceed any further under said contracts. Ap-
pellee Morris then began this action in the Hancock Cir-
cuit Court to recover of appellants damages sustained
by him as a result of appellants' breach of contract,
and to recover of appellants the value of some 400 or 500
logs, asserted to be worth $450.00, which he alleged appel-
lants had appropriated to their own use. By several
amendments the Owensboro Wagon Company and Coots
& Moors were made parties plaintiff to the action, and
the petition made to conform to the court's judgment of
what it should contain, when all demurrers filed thereto
were overruled.

Appellants then filed answer in which they admitted
the execution of the contract to Coots & Moors, but
denied that Coots & Moors had ever sold the trees, etc.,
to the wagon company, or that the wagon company had
ever sold same to Morris. They admitted they had
stopped Morris and put him off of the land, but they
denied that he, or appellees had been damaged thereby
in any sum, or that the logs on the land were worth
$450.00, or any sum in excess of $150.00, and denied that
they had appropriated any of said property.

1. Appellants moved that they be adjudged to hold
the burden of proof and to be entitled to the closing argu-
ment. This motion the court overruled, which appellants
are urging as a ground for reversal. That the court did
not err in this particular seems quite plain to us. While
appellants admit the execution of the contract to Coots &
Moors, they deny that Morris had ever acquired any
rights thereunder, or that appellees were damaged thereby
in any sum, and while they admit they put Morris off and
that there were logs on the ground of the value of $150.00
they deny that they had taken them into possession, or
appropriated them or any part thereof.

Upon a submission upon the pleadings, appellees'
petition must have been dismissed with judgment against
them for costs, because if, as alleged by appellants, Mor-
ris was without right to go upon their land, their stop-
ping him was not a breach of their contract, and having
denied appropriation of the logs, there was no branch
of the petition that stood confessed. Under such plead-
ings the burden of proof was upon appellees and the
court did not err in overruling appellants' motion. Sec-
tion 526 of the Civil Code.

2. In the third paragraph of appellees' petition they allege that the contract between appellants and Coots & Moors, and the contract between Coots & Moors and the Owensboro Wagon Company were made at the same time and as parts of one entire transaction, in the presence and with the full knowledge of all of the said parties, and that as a part of said transaction the said Owensboro Wagon Company contracted and agreed to pay said Coots & Moors for all of said timber on said tract of land certain specified prices, as same was cut up and delivered by said Coots & Moors to said company at its place of business in Owensboro, Kentucky, which agreement was reduced to writing and executed by said parties in the presence of appellants, and with their full knowledge of its terms. That Morris was by his contract substituted in all respects to the place of Coots & Moors in the original contract, of which appellants had notice. Said paragraph of said petition set up as a claim for special damages resulting from appellants' breach of the contract, the loss of profits appellees would have made out of this contract except for appellants' breach thereof. A demurrer was at first sustained by the trial court to this paragraph of appellees' petition, but several amendments having been filed by appellees, appellants again demurred to the petition and each of the amendments, all of which demurrers were overruled by the court. Appellants then filed answer in which they traversed the allegations of this third paragraph in the petition.

Upon a trial of the case the court over appellants' objection permitted appellees to introduce proof in effect showing the profits that would have accrued to them under this contract. Appellants now claim that the court having sustained a demurrer to that paragraph of appellee's petition setting up the profits as a part of the damages, it was error for the court to have admitted evidence of these profits, and by instruction to the jury to have made same an element of appellees' damages. The demurrer which the court sustained to the third paragraph of the petition was not the court's final ruling upon that question. After the third and fourth amendments had been filed, appellants again demurred to the original petition, each amendment thereto and the petition as a whole as amended. These demurrers were overruled. The defect theretofore existing in the third paragraph had been cured, and it was so treated by the

court and the attorneys for both sides in the further trial of the case. Else why would appellants in their answer have traversed the allegations of that paragraph, which they now claim had been removed from the petition by the court sustaining demurrer thereto? The court in overruling the demurrer to the amended petition which corrected the defect in said third paragraph necessarily destroyed the effect of the order sustaining a demurrer thereto before amendment. Unless the court erred in overruling the demurrer to said paragraph as amended, appellants cannot complain. In our judgment said third paragraph as amended was sufficient and the court did not err in overruling the demurrer thereto.

3.   Counsel for appellants urge that it was prejudicial error upon the part of the court to admit as an element of appellees' damages the profits that would have accrued to them out of their contract with appellants, which in effect challenges the court's ruling in overruling the petition as amended as to the said third paragraph thereof. We cannot agree with counsel in this contention. It is alleged in the petition in substance and indicated by the evidence for appellees that appellants had knowledge of the terms of the contract made by the wagon company with Coots & Moors at the time of the making of their contract for the sale of this timber; that Morris was simply substituted in the place of Coots & Moors to complete the contract in their stead, and that same and appellees' profits thereunder were in contemplation of all the parties when appellants sold the timber to said Coots & Moors.

It seems to us that the facts in this case justified a recovery of the profits which appellees lost by reason of appellants' breach of the contract. In 8 R. C. L., 459, it is said:

"In addition to general damages, the injured party is entitled to recover special damages which arise from circumstances peculiar to the particular case, where those circumstances were communicated to or known by the other party at the time the contract was made; that is, he may recover such damages as are the reasonable and natural consequences of the breach under the circumstances so disclosed, and as may reasonably be supposed to have been in the contemplation of both parties. In such case the special circumstances become an implied

element of the contract, and of the duty thereby imposed.''

And again on page 506 of the same volume is this statement of the law which we think is applicable to this case:

''Loss of profits growing out of an existing collateral or subordinate agreement may be recovered where they were within the contemplation of the parties when the original contract was made, but, as in other cases of special damage, the defendant must have had notice of such collateral contract at that time.''

In the instant case in addition to the fact that appellants are alleged and shown to have had knowledge of appellees' contract under circumstances from which it may reasonably be supposed that appellants' profits were in contemplation at the time the contracts were made, the contracts themselves show that appellants were to furnish not only the material out of which the profits were to be made, but in addition were to furnish, a site for the mill to be used in carrying out appellees' contract. Appellants not only sold appellees the material out of which the profits were to be made, but, with full knowledge of their purposes, by this same contract were to furnish appellees a place in which to do said work for a limited time. There was yet much of the work undone, and appellees' right to the use of the mill site and passageways necessary to carry out their contract would expire within less than sixty days. Appellants by the breach of their contract were not only denying to appellees the right to take the timber sold them off of the land, but were also denying to them the use of the plant or equipment with which they were doing business at the time. It cannot be said that appellees' damages ought to be limited in this case to the market value of the material on the ground, for that would deny appellees any right to recover for the interference with their right to do business at that place. They could not have prevented their damages by going into the open market to buy other material and with it complete their contract, as is usually contemplated when the damages are limited to the market value of material lost. In this case they not only would have had to provide themselves with other material, but would have had to provide themselves with a new mill site and to have moved their plant to the new site.

Certainly these are peculiar circumstances in connection with this contract that justified a recovery of profits, and the court did not err in admitting them as an element of appellees' damages in this case. Harness v. Kentucky Fluor Spar Co., 149 Ky., 65; Elizabethtown & Paducah R. Co. v. Pottinger & Bro., 10 Bush, 185; Thompson v. Jackson, et al., 14 B. Monroe, 92; Barker v. Mann, 5 Bush, 679; Hauser, et al. v. Tate, 105 Ky., 705, 13 Cyc., 54.

4. Appellants also contend that even if the profits were a proper element of appellees' damages, the instruction given by the court over their objection and exception did not properly present that question to the jury, in that it did not limit the jury's finding to the damages as shown by the evidence. While the instruction is not accurately drawn, and if appellants had been prejudiced by reason thereof, would present reason for reversal; yet it did properly, if inartistically, define the measure of damages, and is subject to criticism by appellants only because it did not expressly limit the jury's finding to the evidence in the case. The jury in this case evidently acted upon the belief that they were so limited, for the amount of their verdict is sustained by and in accord with evidence of appellees' damages; so we are sure that appellants were not prejudiced by the error in the instruction, and are therefore not entitled to reversal therefor. Secs. 134 and 756, Civil Code.

Counsel for appellants in brief present several other complaints to the trial and result of this action, which we do not consider material, and as they cite no authority in support thereof, we deem it unnecessary to discuss them here.

There is one other proposition presented, however, which we will mention. By an agreed order entered in this case at a term prior to the one at which the case was tried, the logs, timber, etc., were ordered to be sold and a special commissioner appointed to make the sale. This special commissioner without having executed bond and without taking oath of office, regularly advertised and sold the property as directed, at which sale appellants became the purchaser and executed bond. When report of this sale was filed, appellants filed exceptions to same asking that the sale be set aside because the special commissioner making it had failed to give bond or take oath. The court overruled the exceptions and

confirmed the sale, to which appellants objected and excepted, and prayed an appeal to this court. The appeal was granted in the lower court on the 14th of April, 1914, but has never been perfected in this court, and hence is not before us. However, the damages awarded appellees include the value of these logs, etc., sold by the special commissioner. Appellees have no further interest in same, nor the proceeds thereof, and as appellants were the purchasers at said sale, but have not been required to pay the sale bond, it is now immaterial to them whether said sale is sustained or set aside; and the trial court can adjust the matter by cancelling the sale bond.

Perceiving no substantial or prejudicial error to appellants' rights in the trial of this case, the judgment is affirmed.