## Farmers' Bank of White Plains v. Williams.

(Decided October 28, 1924.)

### Appeal from Hopkins Circuit Court.

1. Husband and Wife—Woman Signing Note and Receiving no Part of Consideration was Only Surety.—Where son overdrew from bank, and mother, who received no part of consideration, signed note with him to cover overdraft, she was only a surety.

2. Husband and Wife—Contract of Suretyship of Married Woman Void and Cannot be Ratified.—Generally contract of suretyship of married woman is not merely voidable, but void, and cannot be ratified, under Ky. Stats., section 2127.

3. Husband and Wife—Contract of Suretyship by Married Woman Not Binding After Removal of Disabilities, Except on New Consideration.—Married woman, who becomes surety, is not bound after her disabilities are removed, unless there is sufficient new consideration, under Ky. Stats., section 2127.

4. Husband and Wife—Suretyship of Married Woman Held Supported by Consideration and Binding.—Where married woman signed son's notes as surety, and after death of husband signed renewal notes because of belief that she was bound as surety, extension of time to the son was sufficient consideration to support her contract of suretyship, and the note was binding on her.

5. Contracts—What Constitutes "Consideration."—"Consideration" is reason which moves contracting parties to enter into undertaking, and may be forbearance, or promise thereof, which is offered by one party to agreement and accepted by other.

FOX & GORDON and C. J. WADDILL for appellant.

COX & GRAYOT for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON— Reversing.

Some time prior to March, 1921, a young man named Jesse Williams became indebted to appellant bank in the sum of $2,500.00, evidenced by note. About the same time he became indebted to the same bank in the sum of $2,000.00 and at another time in the sum of $1,250.00, all evidenced by notes. This indebtedness came about, as it appears from the record, through overdraft on the part of young Williams. His mother, Mrs. Mary A. Williams, was then a married woman and consequently under the disability of coverture. The bank asked for surety on the notes of Jesse Williams and he induced his mother to sign the notes with him as surety. A short time thereafter her husband died. When the notes became due they were renewed and she signed them with her son. As she received no part of the consideration she was but surety.

When sued upon the notes along with her son, she pleaded for herself that she was a married woman under disability at the time she first signed the notes and that by reason of our statutes, section 2127, the notes as to her were void; that when she signed the renewal notes she was laboring under the belief that she was bound as

surety on the notes but for which belief she would not have signed the renewals; that there was no consideration whatever for her signing the renewals; that not being bound upon the original notes signed by her because of her disability she was not bound upon the renewal, all of the consideration having passed long before such signature.

The appellant bank insists that even if she were a surety on the notes, there was sufficient new consideration to bind her on the renewal notes which she signed when free from disability.  The general rule is that a contract of suretyship of a married woman is not merely voidable but void and cannot be ratified.  When her disabilities are removed, and then only, on sufficient new consideration can she become bound, and this is true whether such disabilities are removed by statute or through dissolution of the marriage covenant, as by death of the husband.   Rupple v. Kissel, 24 R. 2371; Holloway v. Rudy, 22 R. 1406; Robinson v. Robinson, 11 Bush 174; 30 C. J. 751.

The notes signed by Mrs. Williams while under coverture were absolutely void as to her.  She stood in the same position as if she had never signed the notes.  The bank had no rights under the notes as against her.  When her disabilities were removed her status changed with respect to future acts.  She, as any other person, *sui juris*, under no disability could enter into a contract of suretyship and be bound thereby.  The fact she was not bound upon her contract of suretyship while a married woman did not militate against her power and right to enter into such contract after her disability was removed.  She stood in the same attitude towards the notes of her son, Jesse Williams, as she did towards any other note upon which she was about to become surety.  She was not bound to sign the notes of her son as surety after she became discovert, but when she did sign such paper as surety she was bound thereon just the same as she would have been upon any new paper which might have been presented to her.  There was sufficient consideration to support her contract of suretyship.  A consideration is the reason which moves contracting parties to enter into the undertaking.  It may be forbearance, or the promise thereof, which is offered by one party to an agreement and accepted by the other.  It is the price, motive, the matter of inducement to the contract, whether

it be compensation which is paid or the inconvenience which is suffered by the party from whom it proceeds. The forbearance of the appellant bank was sufficient consideration not only to the principal but to the surety as well. The debt was due and the bank might have instituted an action for the collection of its money. The principal wanted more time, and in order to induce the bank to give him more time he asked a renewal of the note and signed it himself and induced his mother to sign it as surety for him. The extension of time thus given for the payment of the note was a valuable consideration, one entirely sufficient to support the contract of suretyship into which appellee, Mrs. Mary A. Williams, entered.

The renewal of the note was a new contract as to appellee, Mrs. Williams. It was an old contract in some respects as to the son, Jesse Williams. The old contract was void as to the surety for she at that time was under the disability of coverture. That contract could not, therefore, be ratified. As to her, it was a new contract, for she signed it in order to induce the bank to extend the time of payment to her son, the principal. Having obtained the advantage which an extension of time affords in which to pay a note, she will not be allowed to say there was no consideration and that she is not bound. Neither is her plea that she did not know she was not bound on the original note sufficient to extricate her from her present difficulties. It was her duty to know her liability before signing the note. But if she did not know her liability and believed she was bound upon it while in fact she was not, she was not injured on that account.

The trial court erred to the prejudice of appellant in directing a verdict for appellee Williams. The judgment is reversed for proceedings consistent herewith.

Judgment reversed.