## Edwards v. Druien.

(Decided November 7, 1930.)

SAM Y. JONES and JAMES & JAMES for appellant.

WILLIAMS & HANDLEY for appellee.

OPINION OF THE COURT BY COMMISSIONER HOBSON—Affirming.

Leslie Druien brought this action against Leslie Edwards in the Larue circuit court, alleging in his peti-

tion that the defendant had unlawfully beat and bruised him about the head, neck, and ears, to his damage in the sum of $5,000, and by reason of the beating his hearing in one ear was totally destroyed and the hearing in the other ear much impaired. He also alleged that he had incurred doctor's bills in the amount of $50. He prayed judgment for $5,050 and his costs.

The defendant Edwards by his answer controverted the allegations of the petition and pleaded self-defense. The case came on for trial before the jury. After hearing the evidence the jury rendered a verdict for the plaintiff in the sum of $1,850. On the motion for a new trial the plaintiff remitted $50 of the verdict. The court overruled the motion for a new trial and entered judgment for the plaintiff for $1,800 and costs. The defendant appeals.

Edwards testified on the trial in substance as follows: Druien had bought a tract of land from Edwards and Edwards' tenant had take off the place a litter that Druien claimed, and they had had some words about this and the tobacco stalks. On Sunday night Druien sent Edwards word that he and the tenant must be there by 7:30 the next morning and take the tobacco out of the barn. The next morning early Edwards started to the place with the view of taking the tobacco out of the barn, but before he got there he met Druien in the road. Druien was on a mule and Edwards was on a horse. The first words Druien said were, "How will you swap horses?" He then said: "Have you started after your tobacco? I will give you just thirty minutes to get it; that will give you time to get down there and roll it out in the road." Edwards then asked him if he didn't say to him that he didn't care anything about the tobacco stalks, and he said, "No, sir, I didn't say that." He was pretty boisterious about it and said that he never said any such thing. Edwards jumped off his horse and told him to get off his mule, and he would see about that. Edwards called him, with an oath, a lying S. B. He was so mad he didn't hardly know what he was saying. Druien, who was sitting on his mule, ran his left hand in his hip pocket. When he did that, Edwards ran his hand in his hip pocket also as a bluff, though he had no pistol. He then went up to Druien and grabbed him and hit him on the shoulder, but didn't hit him on the head. He hit Druien thinking that Druien was about to draw a pistol on him and believing that he was in danger at his hands.

On the other hand, Druien testified that he was on his way to Upton to go to Munfordville, and as he was going Edwards met him in the road, and he asked Edwards if he was starting to get his tobacco and told him that he was ready to go back and unlock the barn. Then Edwards asked about the litter the tenant had taken off, and Druien told him that if it was his it wouldn't be right for him to have to pay for it. He then commenced cursing Druien in a loud voice which could be heard for half a mile and got off his horse. Druien had on a heavy army overcoat. Edwards came up to him as he was sitting on the mule; caught him by the collar, and pulled him down, hit him one glancing lick on the shoulder and one on the head just above the ear. It was a hard blow and felt like he had been hit by knucks. They then separated. That evening Druien went to a physician complaining that his head was roaring. The physician examined him; there was a bruise on the side of his head, but not large. Later, according to the proof for Druien, he lost the hearing in this ear by reason of the lick and the other ear was much affected, as shown by the testimony of two other physicians whom he introduced.

No errors in the admission of testimony or in the giving or refusing of instructions are complained of. The instructions are not embraced in the bill of exceptions and so cannot be considered. The only question presented on this appeal is that the verdict is palpably excessive or against the evidence and should be set aside.

A jury of twelve men is the tribunal fixed by law for the trial of such controversies. The jury see and hear the witnesses. They know local conditions and the local way of expressing things, and their unanimous verdict is justly given great weight by the court. They are the judges of the credibility of the witnesses, and it is the well-settled rule that their verdict will not be disturbed here unless palpably against the evidence. The jury evidently believed the testimony of Druien. The credibility of the witnesses was for them. Their verdict cannot be disturbed here because they believed one witness rather than another. If Druien's testimony was true, he had lost the hearing in one ear and the other was much affected. For such an injury the court cannot say that a verdict for $1,800 was excessive. The $50 was remitted apparently because there was no proof as to the amount of the doctors' bills. The doctors testified that they tested Druien's hearing by blindfolding him and then

holding a watch or tuning fork at certain distances from his ear, and their testimony as to the defect in his hearing was based upon his answers to their questions as to when he heard the sound. But they testified that he did not know where they were holding the tuning fork or watch and that his answers were uniform at certain distances, which indicated the amount of defect in the hearing, claimed by him. The evidence was competent, for it would be very hard for Druien to answer the questions consistently when he did not know where the watch or tuning fork was held or what his answer would indicate. He had good hearing before the trouble and no other cause for the defect in his hearing was shown. The verdict of the jury cannot be disturbed on the facts. Druien was never off his mule in the difficulty.

Judgment affirmed.