## Moss et al. v. Mittel.

(Decided January 19, 1932.)

HUBBARD & HUBBARD for appellants.

TRABUE, DOOLAN, HELM & HELM for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

J. H. Mittel owned a two-story building on Eighteenth street in Louisville, the lower floor of which was used for a shoe store and the second floor for a residence. This property, on which there was a mortgage for $2,000, was valued by Mittel at $8,000. Mittel also owned a residence on Richmond drive, which he valued at $7,500, and on which there was a mortgage for $3,000.

O. B. Finn owned a 146-acre farm in Floyd county, Ind. On this farm, and another farm of 53 acres owned by Finn, the Aetna Life Insurance Company held a mortgage for $9,000, no part of which had been paid. During the month of May, 1926 H. E. Moss and J. E. Creel negotiated a trade between Mittel and Finn by which Mittel agreed to exchange the Louisville property for the Indiana farm of 146 acres. Moss and Creel put a valuation on the farm of $150 per acre, or a total of $21,000. The trade was finally consummated by the execution of proper deeds. In the deed from Finn to Mittel, Mittel assumed the Aetna Life Insurance Company mortgage debt to the extent of $5,000. Before the trade was finally consummated, Mittel, who had learned that there were judgments outstanding in Indiana courts against Finn, asked for security protecting him against liability in excess of $5,000. Thereupon Finn, as principal, and Moss and Creel, as sureties, executed and delivered to Mittel the following bond:

"Know all men by these presents:

"That, whereas, on the 26th day of May, 1926, a certain writing was made, executed and delivered by J. H. Mittel, of Louisville, Kentucky, and O. B. Finn, of New Albany, Indiana, wherein and whereby there was an exchange and sale of property owned by the respective parties above mentioned, and accepted June 7th, 1926,

"Whereas, J. H. Mittel by said writing agreed to and did assume $5,000.00 on a certain tract or parcel of land which he purchased from the said O. B. Finn, containing one hundred and forty-six (146) acres, lying on the South side of Dixie Highway, Road No. 5, on Indiana Creek, between Galena and Edwardsville, in Floyd County, Indiana, known as Cedar Glen Farm,

"Now, in consideration of the foregoing premises, and for $1.00 cash, the receipt of which is hereby acknowledged, the said O. B. Finn, as principal, and H. A. Moss and J. E. Creel, as sureties, hereby, and each of them acknowledge themselves indebted to the said J. H. Mittel, and securely bound in the sum of $1,000.00, in the event, and in the event only, that the said J. H. Mittel is compelled to pay, by reason of said assumption more than $5,-000.00, with interest at 6% per annum from June

7th, 1926, and they bind and agree to pay, to save, and to hold the said J. H. Mittel harmless in the said sum of $1,000.00, or any part thereof if he should be called upon to pay any indebtedness on said farm over and above $5,000.00, which is now on said place and executed by the said O. B. Finn.''

Some time later the Aetna Life Insurance Company brought suit in the Indiana courts to foreclose their mortgage. Both farms were sold and purchased by the insurance company for the amount of the mortgage, interest, and costs, aggregating about $11,000.

Following the loss of the land by the foreclosure proceeding, Mittel brought this suit against Moss and Creel to recover on the bond. From a judgment in his favor for $1,000, interest and costs, Moss and Creel appeal.

Mittel testified that he tried to get the insurance company to accept the interest on the $5,000, but that the interest was returned because it did not cover the interest on the entire mortgage debt. He further testified that he offered to pay the company $5,000 on the mortgage, and that Finn was never able to pay his part. William S. Clemmons, an appraiser for the Louisville & Union Joint Stock Land Bank, testified that he appraised the farm on March 21, 1927, at $10,000, and that there had been some decline in value between June, 1926, and March, 1927. On the other hand, Finn testified that Mittel never paid any part of the $5,000, or the interest thereon, that he wrote Mittel several letters and asked him to pay his part, and that he (Finn) was ready, willing, and able to pay his part at any time. He admits, however, that after the transaction he never paid anything on the mortgage, and that the land was sold because of the failure to pay the mortgage.

We find no basis for the contention that appellants were entitled to a peremptory instruction. The obligation of the bond was to save Mittel harmless in the event that he was compelled to pay more than $5,000 with interest at 6 per cent per annum from June 7, 1926. It was Finn's duty to protect Mittel against liability in excess of that amount. Finn did not protect Mittel, but let the farm be sold. Doubtless if, as was submitted to the jury, Finn had been ready, able, and willing to discharge his part of the indebtedness, and Mittel was not

able, ready, and willing to pay that part of the indebtedness which he assumed, Finn would not be liable for the default. On the other hand, if the situation were reversed, and Mittel was ready, willing, and able to discharge his part of the obligation, and Finn was not, then the default was due to Finn. If the default was due to Finn, there is no escape from the conclusion that Mittel lost his farm, and was compelled to pay the difference between the $5,000 indebtedness which he assumed, and the market value of his farm at the time of its loss.

Instruction No. 4 is as follows:

"If you find for the plaintiff, J. H. Mittel, under Instruction No. 1, you will award him such a sum in damages as you may believe from the evidence he sustained by reason of the failure, if any, of O. B. Finn, to pay his part of the mortgage debt to the Aetna Life Insurance Company,—your whole award, in no event, to exceed the sum of $1,000.00, with interest thereon from the 10th day of March, 1928.

"If you find for the defendant, H. A. Moss and J. E. Creel, you will say so by your verdict and no more."

This instruction is erroneous, in that it furnishes no standard by which to measure the amount of recovery. If, as a matter of fact, the farm at the time the title thereto passed to the insurance company was worth no more than that portion of the mortgage debt which Mittel had agreed to assume, then Mittel lost nothing and was not compelled to pay anything in excess of his part of the mortgage debt. On the other hand, if the farm was worth more than his part of the mortgage debt, the excess represents his loss, or the amount which he was compelled to pay. On another trial the court, in the event that the jury finds for Mittel, will fix as the measure of his recovery the difference, if any, between the $5,000 and interest (fixing the amount up to the time the sale was confirmed), and the market value of the farm on the ——— day of ———, 192— (fixing the date of the confirmation of the sale), with the further direction that their finding shall not exceed $1,000.

We find no other error in the record.

Judgment reversed, and cause remanded for a new trial consistent with this opinion.