# S. L. Crook Corporation v. Blackburn, Sheriff, et al.

(Decided March 21, 1933.)

R. W. LISANBY for appellant.

C. A. PEPPER and M. P. ELDRED for appellees.

OPINION OF THE COURT BY CREAL, COMMISSIONER—Affirming.

On March 14, 1929, R. C. Stevens and wife executed and delivered to S. L. Crook and H. C. Rawls a deed for two tracts of land in Caldwell county, and as evidence of deferred payment, the grantees executed and delivered to R. C. Stevens two notes for $2,750. On October 17, 1930, R. C. Stevens instituted an action in the Caldwell circuit court seeking recovery on these notes and for the enforcement of the lien retained in the deed to secure their payment.

Thereafter and before answer or any other pleading had been filed, plaintiff filed an amended petition alleging that enough could not be realized from a sale of the real estate in lien to satisfy his debt, interest, and the cost of the action, and further that H. C. Rawls and S. L. Crook were insolvent; that neither of them had property in the state sufficient, in addition to the land, to satisfy plaintiff's indebtedness, and, after making other necessary allegations, he asked for a general order of attachment against them.

A general order of attachment which issued was placed in the hands of Press J. Blackburn, sheriff of the

county, who proceeded thereunder to levy on certain live stock, corn, oats, and farm implements left in the possession of S. L. Crook. After the real estate had been sold and it was found that it would not bring enough to satisfy plaintiff's debt, an order was entered directing the sheriff to take possession of and sell the attached property. The sheriff was attempting to carry out this order when this action was instituted by the S. L. Crook Corporation against him and the surety on his official bond.

In the petition as twice amended, it was alleged in substance that the sheriff under the attachment and order of the court unlawfully and wrongfully had taken possession of, and was withholding from the possession of plaintiff, certain personal property owned by it, including a Ford automobile, seven mules, a lot of corn and oats, four wagons, ten sets of harness, and a number of farm implements; that R. C. Stevens caused the attachment to issue and caused the sheriff to levy same on the property described in the petition and signed the indemnifying bond whereby he undertook to indemnify the sheriff in so doing, although the property set out and described in the petition was not the property of either of the defendants named in the attachment, but was the property of plaintiff; the amended petition alleged a number of items of damage resulting from the alleged wrongful levy and asked that R. C. Stevens be made a party defendant and for judgment against him and other defendants as prayed in the original petition. After making other formal allegations deemed necessary, the petition prayed judgment for the property described therein, if it could be had, but if it could not be had, then for judgment for its value in the sum of $3,895 and for the sum of $1,000 in damages for its wrongful taking and detention.

By answer the defendants traversed the allegations of the petition and also set up certain affirmative defenses to which it will be unnecessary to refer, since they in no way enter into the decision of this appeal.

The issues were completed by an order agreeing that all affirmative matter in the pleading stand controverted of record, except the allegation that plaintiff is a corporation.

At the close of the evidence, the court overruled plaintiff's motion for a directed verdict in its favor.

Defendants' motion for a directed verdict in their favor was sustained as to the surety on the sheriff's official bond but otherwise overruled. On the issues submitted as to the other defendants, the jury returned a verdict for them, and plaintiff has appealed.

The main grounds relied on for reversal are that the court erred in overruling appellant's motion for a directed verdict; that the verdict is flagrantly and palpably against the weight of the evidence and is the result of passion, prejudice, and partiality and misapprehension on the part of the jury.

Some question is made as to error in the rejection of competent evidence offered by appellant, but it is admitted by counsel that alleged error in this particular was cured by later admitting the evidence offered except in one instance, where the court excluded evidence of the witness Ordway as to statements made to him by S .L. Crook and others concerning the ownership of some of the property in controversy.

It is maintained by counsel that evidence as to self-serving statements is admissible in cases of this character as bearing on the question of ownership, and the case of Morgan v. Williams, 179 Ky. 428, 200 S. W. 650, is cited as supporting that contention. While that case would indicate that appellant is correct in this contention, it is apparent from a consideration of the entire record that this evidence was not of sufficient weight to have a determining effect on the verdict of the jury and its rejection by the court did not substantially prejudice the rights of appellant.

Bearing on the other questions to be disposed of, the evidence shows that prior to the formation of appellant corporation, there was a partnership known as S. L. Crook and Company; that S. L. Crook is the president of the corporation and his wife, secretary, and treasurer. They and other stockholders of the corporation testified that the partnership owned certain land and personal property and conducted farming and spar mining operations; that when the corporation was formed it took over the real and personal property of the company and issued to the partners stock of the corporation for their respective interests in the partnership. According to appellant's evidence, practically all the property involved in this litigation was transferred

.from the partnership to the corporation, but there is evidence that the Ford automobile was sold by the dealer direct to the corporation. Mr. and Mrs. Crook and other officers and stockholders of the corporation testified that the seven mules, the wagons, and a lot of the other property belonged to the company and was transferred by it to the corporation. Mrs. Crook read from a record of the corporation what purported to show a transfer of the property; however, what she read appears to. be nothing more than a list of articles of property followed by figures indicating the price with nothing to indicate that it is a transfer. She also introduced in evidence a number of checks given for mules, signed S. L. Crook & Co., S. L. Crook. There is evidence indicating that some of the mules taken under attachment were acquired by S. L. Crook by purchase or by trade.

As we gather from the record, S. L. Crook owned or had an interest in lands near those of the corporation and at times the property involved was kept there. Mrs. Crook testified that the corporation carried fire insurance covering these mules and other property; however, no policy was offered in evidence. There is evidence that a fire policy issued to S. L. Crook covered, among other things, the mules and some of the property claimed by the company; but it appears in evidence that the check given for the premium on this policy contained a notation with figures indicating that a part of the premium was paid on behalf of the corporation. Some of the property covered by the policy was destroyed by fire and Mrs. Crook testified that the insurance company first refused to pay all the loss but, when shown the checks, paid the part due the corporation.

Assessment records introduced disclose that the corporation listed some machinery used in manufacturing and one 1930 model, five-passenger Ford automobile, for taxation but nothing more. Nace Williams testified that as an automobile dealer operating under the name of Crittenden Automobile Company, he sold to the S. L. Crook Corporation a Ford sedan, 1930 model, motor number A3498183, and that he made out a bill of sale dated August 28, 1930, to the corporation which was introduced in evidence, and also that Mrs. Crook gave him the corporation's check in payment of

the note given for the automobile when it was purchased; however, there is evidence that the bill of sale is not made out in strict conformity with the law and that following the name of S. L. Crook, something has been erased and the abbreviation "Corp." written over it. The check introduced in evidence has the words, "Note for Ford," written on its face; but there is evidence that this is written in ink of a different color from that on the other part of the check.

The county court clerk was called and introduced in evidence the chattel mortgage record showing that on August 29, 1930, S. L. Crook gave to the Crittenden Mortgage Company a mortgage for $500 on a Ford sedan, motor number A3498183; however, the original mortgage was not introduced in evidence but the clerk testified that he produced it in court on a former trial.

While much of the evidence is of a vague and hazy character and on the whole unsatisfactory, it may be said that as gleaned from the record, it would appear that appellant, in part at least, has sustained its position by a preponderance of evidence. However, the members of the jury saw and heard the witnesses and had the opportunity of examining original documents and records introduced in evidence, and thus were in a better position to determine the weight to be given to the evidence than we are from a reading of the record.

The verdict of a jury will not be disturbed on appeal merely because the appellate court's finding on the facts as they appear from the record might have been different. City of Newport v. Schmit, 191 Ky. 585, 231 S. W. 54; Green v. May, 148 Ky. 783, 147 S. W. 428; Tonstal v. Bishong, 9 Ky. (2 A. K. Marsh.) 521.

It is peculiarly the province of the jury to determine the credibility of the witnesses and the weight to be given their evidence, and a verdict will not be disturbed on appeal merely because it may be contrary to a preponderance of evidence, but will only be set aside when palpably and flagrantly against the evidence, or when it clearly appears that the jury was swayed by passion or prejudice rather than by proper deliberation. Louisville & N. Ry. Co. v. Mitchell, 173 Ky. 622, 191 S. W. 465; Castleman v. Littrell, 167 Ky. 736, 181 S. W. 336; Ligon v. Allen, 168 Ky. 19, 181 S. W. 656.

Clearly there was ample evidence to take the case to the jury, and the foregoing established rules applied to the proven facts and circumstances forbid that we should set aside the verdict on the grounds urged.

Judgment affirmed.