## Moss et al. v. Mittel.

(Decided March 23, 1934.)

HUBBARD & HUBBARD for appellants.

TRABUE, DOOLAN, HELM & HELM for appellee.

OPINION OF THE COURT BY JUDGE RICHARDSON—Affirming.

This is the second appeal of this case. See Moss et al. v. Mittel, 242 Ky. 85, 45 S. W. (2d) 821. The facts developed on the former trial showing the nature of Mittel's cause of action and the defenses of Moss and Creel are stated in our former opinion. For this reason we do not reproduce them. To supplement the evidence of Mittel as it was given by the witnesses on the first

trial, Simonson, an appraiser of lands for the Equitable Life Insurance Company, testified to the value of the farm involved. To add strength and weight to the testimony in behalf of Moss and Creel, as presented on the first trial, the testimony of Milby and Perkins was introduced, showing the financial standing and credit of Moss. For like purpose, that of Eugene Hubbard detailed the execution and delivery of Mittel's note of $156.36 to Finn. Alexander Roberts, on the last trial, narrated a conversation he had had with Mittel in this language:

> "Well, the only conversation that I had with him [Finn] about it [the Indiana farm], I was passing down there at his shoe shop on Portland Avenue, and I seen him in there and walked in and was talking with him, and he said he had sold stock, crop and implements off of the place, and was not going to pay anything, and had to move off of it."

At the first trial a verdict was returned in favor of Mittel. On an appeal to this court it was reversed for errors in the instructions. At the second trial again a verdict was returned for him.

Moss and Creel are insisting the court erred (a) in refusing them the right to assume the burden of proof and to make the concluding argument; (b) in refusing to give a peremptory instruction; (c) improper interruption of the argument of their counsel by the counsel of Mittel; (d) in refusing offered instructions; and (e) in refusing a new trial because the verdict is palpably against the evidence. They confine themselves in their briefs to a discussion of these grounds. Therefore, we shall consider only the grounds thus presented.

The basis of the action is a breach of the terms of a bond of indemnity executed and delivered by Moss and Creel to Mittel to protect him to the amount of $1,000 against any liability in excess of $5,000 which he agreed and assumed to pay for Finn as a part of the consideration for the difference between the agreed values of certain properties which were exchanged by Mittel and Finn. He set out in his petition the terms and conditions of the bond and the facts constituting its breach. The allegations of his pleading were denied by the answer of Finn. "The burden of proof in the whole action lies on the party who would be defeated if no evidence were given on either side." Section 526, Civil

Code of Practice. "The party on whom rests the burden of proof in the whole action, must first produce his evidence; the adverse party will then produce his evidence." Subsection 3, sec. 317, Civil Code of Practice. "In the argument, the party having the burden of proof shall have the conclusion and the adverse party the opening." Subsection 6, sec. 317, Civil Code of Practice. These Code provisions and their construction are too familiar to the bar and the bench to call for citation. The burden of proof should be fixed at the beginning of the trial from the pleadings, and when so settled should not be changed during the course of the trial. Kentucky Wagon Mfg. Co. v. Louisville, 97 Ky. 548, 31 S. W. 130, 17 Ky. Law Rep. 366. The whole case must be looked to, and the party who has the burden on the whole case must first produce his evidence (Mattingly v. Shortell, 120 Ky. 52, 85 S. W. 215, 27 Ky. Law Rep. 426, 8 Ann. Cas. 1134), and he is entitled to the concluding argument (O'Connor v. Henderson Bridge Co., 95 Ky. 633, 27 S. W. 251, 983, 16 Ky. Law Rep. 244). A denial of the right to the concluding argument to the party who has the burden of proof is a reversible error. Royal Ins. Co. v. Schwing, 87 Ky. 410, 9 S. W. 242, 10 Ky. Law Rep. 380; Johnson v. Taylor, 247 Ky. 472, 57 S. W. (2d) 540.

The burden of proof, and the right to the closing argument, is upon the party who will be defeated if no evidence is given. Johnson v. Liggett's Adm'r, 13 Ky. Law Rep. 831; Kahn Bros. v. Simons, 14 Ky. Law Rep. 201; Monarch v. Carter, 49 S. W. 953, 20 Ky. Law Rep. 1765. And where the defendant denies the allegations of the petition, inevitably the plaintiff must fail to recover without evidence supporting the denied allegations supporting the denied allegations of his petition, and burden is upon the plaintiff. Ætna Life Ins. Co. v. Rustin, 151 Ky. 103, 151 S. W. 366; Louisville Ry. Co. v. Kramer, 226 Ky. 739, 11 S. W. (2d) 930; Elkhorn Land & Imp. Co. v. Wallace et al., 232 Ky. 741, 24 S. W. (2d) 560.

As Finn would have been entitled to a verdict under the pleadings if no evidence had been introduced, it was proper to refuse him the privilege of the burden of proof and the concluding argument. Louisville & N. R. Co. v. Ferrell, 9 Ky. Law Rep. 286; James Grocery Co. v. Walter O. Birk Candy Co., 228 Ky. 11, 14 S. W. (2d) 214; Baker v. Morris, 168 Ky. 168, 181 S. W. 943; Stan-

dard Auto Ins. Co. v. Wade, 205 Ky. 788, 266 S. W. 646.

Grounds "B" and "F" are so interrelated, the one cannot be fairly considered without at the same time reviewing the other. Without detailing it, as to do so would serve no useful purpose, a careful scrutiny and close examination of the evidence convinces us the testimony of Mittel and his witnesses authorized and justified a verdict in his favor, and that of Moss and Creel and their witnesses likewise would have authorized and justified a verdict in their behalf. In such case this court will not interfere with the verdict of the jury. Keyser v. Damron et al., 159 Ky. 444, 167 S. W. 381; Price Bros. v. City of Dawson Springs, 190 Ky. 349, 227 S. W. 470; Johnson v. Taylor, 245 Ky. 247, 53 S. W. (2d) 550. Also, it is a familiar rule that, where the evidence is conflicting, the verdict is not regarded as flagrantly or clearly against the evidence, and in such circumstances this court will not disturb it. Castleman v. Littrell, 167 Ky. 736, 181 S. W. 336; Norton Coal Mining Co. v. Wilkey, 232 Ky. 539, 23 S. W. (2d) 942; Johnson v. Taylor, supra. The jury decides the facts, and it is exclusively within its province to believe one witness rather than a number of witnesses or one set instead of another set. Edwards v. Druien, 235 Ky. 835, 32 S. W. (2d) 411; Breslin v. Blair, 249 Ky. 179, 60 S. W. (2d) 337; McGraw v. Ayers, 248 Ky. 166, 58 S. W. (2d) 378. These prevailing rules authorized and required the refusal of the peremptory instruction and the submission of the case to the jury; also deprive this court of the power to disturb the verdict of the jury on the ground it is flagrantly against the evidence.

On the first trial, the court by an appropriate instruction authorized the jury to find for Finn if it believed from the evidence "there was no consideration in law for the execution of the bond." On the second trial, Finn offered this instruction which was refused by the court. He is here insisting that since, in our former opinion, this instruction was neither criticized nor condemned, it is the law of the case, and therefore the trial court improperly refused to give it on the second trial.

The pleading of Finn properly presented this defense. The propriety of giving the instruction relating thereto must be determined by the evidence offered on the second trial, and not by the fact the evidence on the

first trial authorized its giving and it was given on the first and it was neither criticized nor condemned on the appeal of the case. The rule is, although the pleading may authorize the giving of a requested instruction, without evidence sustaining the allegations of the pleading, the court is not required to give the instruction when he comes to give his instructions to the jury, unless the controverted allegations of the pleading are supported by the evidence. Louisville & N. R. Co. v. Long, 172 Ky. 436, 189 S. W. 435. In Hess' Adm'r v. L. & N. R. Co., 249 Ky. 624, 61 S. W. (2d) 299, 300, in discussing this topic, the court said:

> "Not only should the instructions be based on the pleadings, but on pleadings supported by the evidence sufficient to authorize a submission of the issues presented by the pleadings. It was the duty of the court to confine his instructions to issues made by the pleadings which were supported by the evidence. Edge v. Ott, 151 Ky. 672, 152 S. W. 764."

Finn's right to have the offered instruction given to the jury on the second trial is not to be determined by the fact it was given on the previous trial, but solely by the evidence produced on the second. The duty of the court to confine the instructions to the issues made by the pleadings which were supported by the evidence controlled Finn's right on the second trial to the offered instruction the same as on the first. Determining by these principles his right to have given the offered instruction, at the same time keeping in mind the evidence introduced on the second trial, we are convinced no error was committed prejudicial to his substantial rights by the court's refusal to give it.

The bond which is the basis of the action recites the execution and delivery, and the acceptance, of the title bond, wherein and whereby Mittel and Finn agreed to exchange the property therein described, respectively owned. The provision of the title bond respecting Mittel's agreement to pay the $5,000 is followed by the agreement of Finn, as principal, and Moss and Creel, his sureties, to indemnify Mittel, if he is compelled to pay an amount in excess of $5,000 as stipulated, etc. There is no intimation in the bond that the deal between the parties at the time of the execution and delivery, and acceptance of it, had progressed beyond the execution and delivery of the title bond or the contract con-

cerning the exchange of the property. The bond of indemnity is dated May 26, 1926. In his testimony Finn admits, after the deeds were executed by the respective parties, they were left in the office of Judge Francis who was associated with Mr. Moss and occupied the same office. To be specific, we quote the questions propounded to and answered by him relating to the delivery of the deeds:

"Q. And you and your wife executed a deed and turned it over to Mr. Francis? A. Yes, sir.

"Q. Judge Francis? A. Yes, sir.

"Q. And you did not get the deed to the property at that time? A. No, sir.

"Q. Not delivered until August? A. They were both left there.

"Q. And that was some days after the bond was executed, wasn't it? A. Yes, Judge, yes. I think the bond was executed before the final settlement—that personal matter."

The personal matter referred to in his last answer was more fully identified by the testimony of Eugene Hubbard who participated in consummating a settlement between Mittel and Finn "for fertilizer and something else," resulting in the execution and delivery by Mittel to Finn of a note of $156.36, bearing date August 11, 1926.

Finn insists that the bond of indemnity was executed and delivered after the completion of the deal between Mittel and Finn, concerning the exchange of properties and the execution and delivery of the deeds by the one to the other, and after possession of the property had been surrendered by the one to the other in accordance with the deeds; and, therefore, there was no consideration for the bond, and the jury should have been so instructed. In Cassinelli v. Stacy, 238 Ky. 827, 38 S. W. (2d) 980, 983, the term "consideration" is defined thus:

"A 'consideration' is the reason which moves contracting parties to enter into the undertaking. It may be a forebearance or the promise thereof, which is offered by one party to the agreement and accepted by the other. It is the price, motive, the matter of inducement to contract, whether it be compensation which is paid or the inconvenience

which is suffered by the party from whom it proceeds. Farmers' Bank of White Plains v. Williams, 205 Ky. 261, 265 S. W. 771. A consideration may be a benefit to one and a detriment to the other party to the contract. Wallace v. Cook, 190 Ky. 262, 227 S. W. 279.''

In the light of the commonly accepted meaning of the word ''consideration'' and the testimony of Finn and the language of the bond of indemnity, its date, the date of the delivery, and acceptance, of the deeds, and the date of the $156.36 note, it is very plain that the evidence failed to show a lack of consideration of the bond of indemnity, and that the absence of such evidence authorized and justified the court in refusing to give the jury the instruction which Finn requested.

In his argument to the jury Finn's counsel, while endeavoring to quote the testimony of Roberts, was interrupted by the counsel of Mittel, by an objection to the court, with the suggestion that he was misquoting the witness. On the completion of the suggestion of Mittel's counsel that Finn's counsel was misquoting Roberts' testimony, Finn's counsel told the jury ''they would remember what Mr. Roberts said.'' The court at this point sustained the objection of counsel of Mittel with the statement to Finn's counsel ''not to misquote the evidence,'' when Finn's counsel replied he had not misquoted it. Again Mittel's counsel objected, and the court sustained the objection, to which Finn saved an exception. In the bill of exceptions it is recited that Finn's counsel ''said to the jury in substance that the witness, Alexander Roberts, had testified that the plaintiff Mittel had told him that he had sold everything he had off of the farm in Indiana, including crops, stock and implements and had abandoned it and had not paid anything upon the place.''

Setting side by side, and comparing the words of Finn's counsel with Roberts' testimony, we find the words of counsel are: ''And had not paid anything upon the place.'' And, as used by Roberts, himself, the words were: ''And was not going to pay anything.'' It is observable that the difference between the words of Finn's counsel and those of the witness is the word ''had'' was used by the counsel when the word ''was''. was used by the witness. Hence, in a technical sense, when quoting Roberts, counsel did not use his exact

512

word or one as strong in his client's favor as that used by Roberts. Only in an inconsequential sense it inadvertently substituted the word "had" for the word "was." In the circumstances the court technically erred when he merely directed counsel not to misquote the evidence. Such admonition left it to the jury to determine whether counsel had in fact misquoted the witness. It was the duty of the court to remember the language of Roberts and determine whether counsel was misquoting it. And if necessary to enable the court to know the exact words of Roberts, it was his duty to utilize for that purpose the official stenographer's record. The admonitions of the court were both inadequate and improper. Greenwell v. Commonwealth, 125 Ky. 192, 100 S. W. 852, 30 Ky. Law Rep. 1282. A litigant has the right to be heard by himself and counsel, and, if this is denied him by the court, a new trial should be granted, provided the error was sufficiently prejudicial to warrant the conclusion he had not had a fair and impartial trial. Louisville Woolen Mills v. Kindgen, 191 Ky. 568, 231 S. W. 202. A denial to him of a right to argue the case and give the testimony of the witnesses to the jury is a prejudicial error authorizing the reversal of an adverse judgment. Civil Code of Practice sec. 317, subsec. 6; Schachleiter v. Watson, 231 Ky. 416, 21 S. W. (2d) 656. Technically, the court erred in not refreshing his memory and advising the jury of the exact words of Roberts and in leaving the dispute between counsel and the language of Roberts to be determined by the jury. No other error appearing in the record tending to deprive Moss and Creel of a fair and impartial trial, the omission of the court to conform with the technical rules of practice, applicable and controlling in such circumstances, was no more than a harmless error, not entitling Moss and Creel to a reversal. See 2 Ky. Digest, Appeal and Error.

Wherefore, the judgment is affirmed.