JUDGE ELLIOTT
delivered the opinion of the court.
At the March term, 1875, of the Madison Circuit Court, the appellant John Morgan was indicted for the murder of Ebenezer Best. Appellant was shortly thereafter arrested and gave bail, but forfeited his recognizance by failing to appear, and was not again arrested until November 21, 1877, when he was placed in'the jail of Madison County.
The March term of the Madison Circuit Court, being the first court after appellant’s arrest, commenced March 18,1878. On that day his case was called and postponed until the third day of the term, and all the witnesses both for the state and the prisoner were recognized to appear on that day.
On the calling of the cause on the third day of the term the appellant filed his affidavit and through his counsel made a motion for a continuance of the cause for the following among other reasons: “On the 16th day of March, 1878, he had Robert Collins summoned as a witness in this case, and without whom he can not safely go into trial; said Collins is not in attendance at this term of the court, and was not in attendance when the case was called; on Monday last, and on that day affiant obtained an attachment against said Collins both»to this county and Estill County, where said Collins resides. The attachment to Madison County was placed in the hands of the sheriff of said county to be served, and the *108 one to Estill County was sent by mail to the sheriff of Estill County, but neither of said attachments has been- returned executed. He can prove by Robert Collins that he was standing seven or eight feet from Best at the time he was killed, and that he knows that the defendant Morgan did not kill Bést, but that Best was shot and killed by Andrew Conn; that witness saw Conn present his pistol at Best, saw the smoke rise from. the pistol, and heard the report, and at the report of the pistol saw Best throw up his hands, reel a few steps and fall; and he knows that Best was killed by the shot fired by Conn and not by the accused; Best threw up his hands, reeled, and fell when Conn fired, and then Conn put up his pistol, and, after the excitement, stepped behind a tree and reloaded his pistol; and will prove that at the time Best was shot the defendant Morgan and Jerry Higgins were in a scuffle over a pistol.”
His affidavit also stated that he could prove by Mary Sigman that she was present when Best was killed, and that she saw a man run round the crowd where Best was standing and level his pistol and fire, when' Best staggered a few steps and fell; she is of opinion that the man that fired the pistol was either Andrew Conn or Andrew Cummins, but she is certain it was not the defendant Morgan. Pie stated that he obtained an attachment against this witness also on the first day of the term, and placed it in the hands of the sheriff, but the same had not been executed. He swore further that his motion for a continuance was not made for delay, but that justice might be done him, and a fair trial of his case had.
The appellant’s motion for a continuance was overruled, and he excepted, and this is one of the errors complained of on this appeal. •
Best was killed at the fair grounds during a fair near the village of Berea, in Madison County, in the autumn of 1875. *109 It seems that on the day of the homicide Best, appellant, Andrew Conn, and Andrew Cummins were on the fair grounds and were drinking spirituous liquors freely, and were all armed except Cummins. During the day a difficulty occurred between Cummins and a Mr. Moore, in which a pistol was fired, and a man not engaged in the difficulty wounded. About that time Andrew Conn, who was one of the marshals at the fair-grounds, attempted to take Cummins off the grounds and repress the further progress of the conflict.
While taking Cummins from the grounds they passed Best, who had his pistol in his hand, and Cummins seized it, and he and Conn hurried to the place where Best was killed, followed by the appellant Best and others; and as soon as they halted a scuffle ensued between Conn and Cummins in an effort by Conn to wring from Cummins’s hands the pistol he had snatched from the hands of Best. During the scuffle the pistol over which Conn and Cummins were contending went off, and a few seconds thereafter another pistol was discharged, and Best reeled and staggered a few steps with his pistol in his hand, and fell down and died. The evidence for the Commonwealth identifies the appellant as the person who shot the pistol that killed Best, which the same evidence indicates was the second shot fired at the place of the homicide.
On the part of the appellant there was evidence that indicated Conn as having fired the fatal shot, and some evidence conducing to prove that both Jerry Higgins and appellant at the time Best was shot had in their grasp the appellant’s pistol, and that Higgins was busy in efforts to forcibly take it into his possession, when it went off accidentally, and if it killed the deceased it was without any intention or design of the prisoner so to do.
The first question that we shall consider is whether the appellant’s motion fora continuance should have been sustained.
*110 By section 189 of the Criminal. Code of 1877, it is enacted that “ The provisions of the Code of Practice in civil actions, in regard to the postponement of the trial of actions, shall apply to the postponement of prosecutions, on application of the defendant, except that, when the ground of application for a continuance is the absence of a material witness, and the defendant makes affidavit as to the facts which such witness would prove, the continuance shall be granted, unless the attoiv ney for the Commonwealth admits upon the trial that the facts are true;” and by section 340 of the same Code it is provided that “A judgment of conviction shall be reversed for any error of law, to the defendant’s prejudice, appearing on the record.”
The term at which the defendant was tried and convicted was the first term of the court after his arrest and commitment to the jail of Madison County, and from the disclosures of his affidavit, his witness, Collins, had been- summoned to appear as a witness for him on the 16th of March, which was two days before the commencement of the term of the court that tried him. On the first day of the court his case was called and its trial fixed for the third day thereof, and on that day, according to his affidavit, he caused' an attachment to be issued for Collins and placed' in the hands of the sheriff of Madison County, and also caused a copy to be sent to Estill, the county of Collins’s residence, and he also had an attachment issued against Mary Sigman and' placed, in the hands of the sheriff.
If the facts disclosed by appellant’s affidavit were true, we do not see how he could have been more vigilant than he showed himself in the effort to get Collins to appear as his witness. He had him summoned in ample time for his attendance on the first day of the court, and, on his failure to appear, had an attachment sent by mail, to the county of his residence to try to coerce his attendance, and these were all the means the law afforded him to procure the attendance of the wit *111 ness. He could not go after the witness, for he was in jail, and he seems to have had his witnesses summoned and to have seized the first opportunity after their disobedience of the summons to coerce them by an attachment.. If the attachments were not served, it was not his fault.
The court at which the prisoner was tried was the first one held after his arrest and incai’ceration in jail, and to have his witnesses summoned, and on their non-attendance to have coercive writs for their attendance placed in the hands of the proper officers, was all that the law required him to do, and perhaps all he could have done, and as the evidence of Collins especially would have been very material- for the accused, his motion to continue should have been sustained, unless the truth of the facts, which his affidavit stated he expected to establish, had been admitted by the attorney for the Commonwealth.
Mr. "Wharton, in his work on criminal law,, volume 3, section 3021, states the rule as to continuances in criminal; cases as follows: “ The general rule is, that a continuance will be granted on an affidavit setting forth the absence of a material witness for the defense, and alleging that his attendance will be procured at the next court, and that due diligence has been used in attempting to procure his attendance.”
The appellant complied, with this rale- substantially by showing the absence of his witnesses, the materiality of their evidence, due diligence in the effort to procure their, attendance, and that they were within the reach, of the process of the court, and as is fair to presume could be coerced to attend at the term to which he asked- a continuance, and- as there was no intimation, that the statements of appellant’s affidavit were not true, the judgment should' be reversed, if this be a reversible error. As before stated, section 340 provides that “ A. judgment of conviction shall' be reversed for any error of law,, to the defendant’s prejudice, appearing on the record.”
*112 As therefore the overruling of defendant’s motion for a continuance was an error of law, if he was entitled to one, which we are of opinion he was, and as the same appeared of record and was prejudicial to defendant, and the ruling of the court excepted to by him, he is entitled to a reversal for this error.
Under the former Code of Practice an error of the court in refusing a continuance was not a reversible error, but under the Criminal Code of 1877 all prejudicial errors of law appearing on the record can be inquired into and corrected here, except as provided in the following sections:
“Sec. 280. Upon the trial of criminal or penal prosecutions, either party may except to any decision of the court by which the substantial rights of such party are prejudiced, subject to the restrictions in the next section.
“ Sec. 281. The decisions of the court upon challenges to the panel, and for cause, upon motions to set aside an indictment, and i?pon motions for a new trial, shall not be subject to exception.”
As the decision of the court on the question of the. continuance is not within any of the exceptions contained in section 281, it was subject to exception by defendant and review by this court.
It is also insisted that the court erred by its refusal to allow important evidence offered by appellant to go to the jury.
The rejected evidence conduced to prove that about a year before Best was killed he had been assaulted with great violence by Conn, and that the day before he was killed Conn had used abusive and threatening language toward him, and it is contended that this evidence is admissible as showing the probable motive that may have influenced the conduct of Conn at the time of the killing.
As the Commonwealth was trying to establish the appellant’s guilt not only by evidence of his acts and conduct at the time the deceased received the fatal wound, but also by *113 his previous threats and conduct, the object of which being to show a motive for the killing, it seems to us that the prisoner should have been permitted to show that Conn, who was present when the homicide took place, armed with a pistol, was a deadly enemy of the deceased, and had threatened to take his life.
In other words, as the Commonwealth had the undoubted right to prove the acts and conduct of the prisoner at the time of the commission of the offense charged, and also to show a motive for its commission by evidence of previous threats made against the deceased, had the prisoner not the right to show that there was another man present when the crime charged was committed, and that he was armed and had equal opportunities with the prisoner to have done the deed? and when the proof was conflicting as to which of the two did it, could the prisoner not show, not only the acts and conduct of this other man toward the deceased during the conflict which resulted in his death, but also show further that he was an enemy of the deceased, and had threatened his life, so as not only to show the acts and conduct of this other man, but also the motives that may have actuated him .to attempt the life of the deceased? "We think he could.
If there was no evidence connecting Conn with the offense charged, then his motives could not be inquired into.
It is said by Wills on Circumstantial Evidence, page 41, that “ It is always a satisfactory circumstance of corroboration when, in connection with convincing facts of conduct, an apparent motive can be assigned for the deed.”
Stephens in his late Philosophical Digest of the Law of Evidence, in discussing the effect of its relevancy says, “ that any fact is relevant which supplies a motive for an act, or which constitutes preparation for it, and that facts are always relevant to each other when one probably may have been the cause of the other.”
*114 "We therefore are of opinion that when, on the trial of a man for the commission of a crime, the proof is conflicting as to whether he or another person perpetrated the offense, the prisoner has the same right to show the conduct, acts, and motives of the other, that the Commonwealth has to show the conduct, acts, and motives of the prisoner, and that the evidence of the feelings of Conn toward the deceased, as evidenced by previous threats and personal conflicts, should have been permitted to go to the jury.
It is also objected by appellant that the court refused to sustain his challenge for cause to Green and Million, two of the jurors by whom he was convicted. It is useless to discuss , the question as to whether the causes of challenge should have been sustained, for by section 281 of the Criminal Code “ the decisions of the court upon challenges to the panel, and for cause, shall not be subject to exception.”
The offer of the Commonwealth to prove the conduct of the prisoner in relation to the prosecution, after the indictment was found against him, by showing from the record of the case that he had forfeited his bail-bond and had eluded arrest from 1875 to November, 1877, was properly rejected by the court. No error is perceived in the instructions, but for the errors indicated the judgment is reversed, with directions to grant the appellant a new trial, and for further proceedings not inconsistent with this opinion.