### CASH HALSEY *v.* COMMONWEALTH.

[Abstract Kentucky Law Reporter, Vol. 1—121.
Later reported in abstract, 1 Ky. L. 402.]

**Criminal Law—Murder.**

An application for a continuance of a trial in a murder case, showing the names of absent witnesses and that their testimony was material, and facts showing that their presence may be procured in a reasonable time at the trial, and which shows reasonable diligence in procuring their attendance under the circumstances, if sworn to should be granted.

**Instruction.**

Where, in an instruction in a murder trial, the jury were told, in effect, that if the accused wilfully shot and killed the deceased in self-defense they must acquit, but adding that if the jury believed beyond a reasonable doubt the killing took place in a mutual fight, begun and continued to the fatal shot by the accused, he is "not excusable" by reason of any counter violence endangering his safety by the deceased, unless the accused in good faith attempted to retire from the conflict or the force used by the deceased was greatly beyond what was necessary to his protection, and where the jury is left to determine the legal meaning of the term "Not excusable," and is not informed of the degree of the offense from which the accused is not excusable under the acts supposed in it, such an instruction is erroneous.

### APPEAL FROM CLARK CIRCUIT COURT.

June 29, 1880.

OPINION BY JUDGE HARGIS:

The appellant was indicted on the 22nd day of May, 1879, in the county of Fayette for the alleged offense of murder. At the same

term he applied for and was granted a change of venue to the adjacent county of Clark. At the November term, which was the first thereafter in that county, the accused moved for a continuance based upon his affidavit, which set forth the names of the absent witnesses, the facts he believed they would prove, that he had caused subpœna to issue for them to the proper counties more than one month before that term of the court, and that the subpœnas were served as early as October 28 on all of the absent witnesses, except Joe Aleen, who it appears resided in Fayette county, was a witness before the examining trial and was before the grand jury which found the indictment. The materiality of the evidence of the absent witnesses appears from the affidavit, and seems to be conceded.

But it is contended for the commonwealth that due diligence was not exercised by the appellant to obtain the presence of his witnesses. The appellant had been confined, since his indictment, in the jail of a different county from that to which the prosecution had been changed for trial. His uncle, Daniel Kent, upon whom he relied to prepare for his trial and attend to the obtention and execution of the subpœnas, was too sick to perform that service. The record does not show the appellant to be a man of wealth, or sustained by numerous or powerful friends, and the aid at his command seems to have been this sick uncle. He was compelled, from imprisonment without bail, to rely upon the clerk and sheriff to perform their duty, which they appear to have faithfully done.

The absent witness, Joe Aleen, was shown to have been within the jurisdiction of the court at the examining trial in May, 1879. It does not appear from the record that he is beyond that jurisdiction, or that it is unreasonable to expect that the presence of the witness can be obtained at the next trial. The prosecution seems to have had some information of his whereabouts, as the commonwealth caused a subpœna to issue for him to Estill county. The appellant was entitled to the presence not only of Joe Aleen but all of the absent witnesses named in his affidavit, upon whom process had been executed. He seems to have done all that his situation permitted, and used all the process allowed by law.

It was the first term when a trial could have been had in the venue authorized by law. It does not appear that an unnecessary or unreasonable delay was sought by appellant in his application for a continuance. Presumptions should not be indulged against him unless they were based upon competent evidence, or facts legally before

the court.   A continuance should have been granted.   *Morgan v. Commonwealth,* 14 Bush 106.

By instruction No. 3; the jury were properly told, in effect, that if the accused willfully shot and killed the deceased in self-defense they must acquit him.   But a qualification was added that if the jury believed, beyond a reasonable doubt, the killing occurred in a mutual fight, which was begun and continued to the fatal shot by the accused, he is not excusable by reason of any counter violence endangering his safety by the deceased, unless the accused in good faith attempted to retire from the conflict, or the force used by deceased was greatly beyond what was necessary to his protection.

By this qualification the jury are left to determine what the term "not excusable" means in law.   They mean that the accused was guilty, but of what the court did not inform the jury, who might have decided, without applying to them any very unreasonable diversity of meaning, that they meant he was guilty of murder or of manslaughter.   There is nothing in that instruction informing the jury of the degree of the offense from which the accused is not excusable, under the acts supposed in it.

While those acts might destroy the whole defense of the accused and demonstrate his guilt of the highest degree of the offense charged, yet, if they were done without malice and in sudden heat and passion his offense would be manslaughter because of the absence of malice, a necessary ingredient to constitute murder, notwithstanding he never attempted to retire from the conflict nor was resisted by force greatly beyond what was necessary to protect the slain.

In order to have the benefit of the proposition contained in the whole of that qualification, with its subordinate qualifications, it was not necessary that the evidence should satisfy the jury beyond a reasonable doubt that the fight was mutual.   That fact, as it tends to negative the charge of murder, is established by a preponderance of evidence.   These views should have been embodied in the third instruction, or in another in direct reference to its qualification by them.

Wherefore the judgment is *reversed* with directions to grant appellant a new trial, and for further proceedings not inconsistent with this opinion.

*Morton & Parker, John B. Houston, for appellant.*

*P. W. Hardin, for appellee.*

[Cited, *McClurg v. Igleheart,* 17 R. 913, 33 S. W. 80.]