## Lunce v. Commonwealth.

(Decided December 20, 1929.)

212

M. G. COLSON for appellant.

J. W. CAMMACK, Attorney General, and GEORGE H. MITCHELL, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE DIETZMAN—Affirming.

Under an indictment charging him with the offense of "malicious shooting at and wounding another with intent to kill," the appellant was found guilty and sentenced to serve two years in the state penitentiary. He appeals.

As grounds for reversal, he insists that the evidence was insufficient to support the verdict, that the instructions were erroneous, and that the commonwealth's attorney was guilty of misconduct in his closing argument. The facts as developed by the evidence are these: The appellant, Tom France, Frank Murphy, Ed Smith, and perhaps others were assembled near the Roth commissary in Bell county. There is scarce doubt but that there was a good deal of drinking going on in the crowd. A quarrel arose between Ed Smith and the appellant. Ed Smith started to draw his pistol, but the appellant "beat him to the draw and thus discouraged Smith from proceeding with his plan of action." At this juncture Murphy protested to appellant, whereupon the latter turned upon Murphy and pointing his gun at him, demanded that Murphy put up his hands. Murphy promptly complied with the request. The appellant then commanded France to disarm Murphy. This France did, and then Murphy started to his home, which was about 200 or 300 yards up the railroad. The Murphy home was on one side of the railroad, and directly opposite was the home of the appellant. Murphy went to his home by circling through the fields. Just after Murphy left the Roth commissary, appellant started to his home by walking up the railroad. There is practically no dispute in the evidence up to this point, but it is in sharp conflict as to what happened thereafter. For the commonwealth, the evidence shows that, when the appellant reached a point on the railroad opposite his home, he turned towards the Murphy residence, and, seeing Murphy just arriving and entering his home by way of the front door, he fired his

pistol at Murphy, striking him in the back. For the appellant, the evidence shows that· Murphy reached his home first, went into it, procured a shotgun, came out upon the porch, and presented the gun towards appellant · just as the latter turned from the railroad to enter his own home. At this instant the appellant, warned by a cry from his sister as to what ·Murphy was doing, whirled around, drew his gun, and fired it, just as Murphy's father, who had in the meantime come out on the front porch, seized Murphy and endeavored to pull him back into the house. Appellant contends that it was because Murphy's father seized Murphy and turned him around just as appellant fired that the bullet struck Murphy in the back. From this statement of the evidence, it is obvious that under the prevailing rule in this jurisdiction the case was one for the jury, and that its verdict finding the appellant guilty was not so palpably against the weight of the evidence as to shock the conscience of the court. Branham v. Commonwealth, 223 Ky. 233, 3 S. W. (2d) 629.

So far as the instructions are concerned, complaint is made that instruction No. 2 is ambiguous. We have carefully read this instruction, and are of the opinion that it is clear and succinct and not subject to the criticism made of it by the appellant. He contends that the court did not correctly define the terms ''willful'' and ''maliciously'' which appear in the instructions. The definition of the word ''willful'' was that approved by us in the cases of Combs v. Commonwealth, 112 S. W. 658, 33 Ky. Law Rep. 1058, and Carnes v. Commonwealth, 146 Ky. 425, 142 S. W. 723. While the definition of the term ''malicious'' could probably have been better couched, yet it was substantially correct, and its form could not have been prejudicial to any substantial right of the appellant.

The commonwealth's attorney, in his closing argument, made the following statement: ''The defendant got tanked up on whiskey and shot up the railroad all the way up to the Murphy home and such fellows should be turned over to the law and the law claims such fellows as that.'' There is nothing in this argument of the commonwealth's attorney of which any just complaint can be made except the statement that the appellant ''had shot up the railroad all the way up to the Murphy home.'' It is true there was no evidence in the record to sustain that statement, but the testimony in the case was very limited,

and the jury undoubtedly remembered it as well as did the commonwealth's attorney. It could not have been misled by this statement of the commonwealth's attorney, whose means of knowledge as to what happened was no greater than that of the jury. This statement, which the jury knew was unauthorized by the evidence, was, under the circumstances of this case, not prejudicial to any substantial right of the appellant.

The judgment is therefore affirmed.

## Lunce v. Commonwealth.

(Decided December 20, 1929.)

M. G. COLSON for appellant.

J. W. CAMMACK, Attorney General, and GEORGE H. MITCHELL, Assistant Attorney General, for appellee.