# Caudill v. Commonwealth.

(Decided June 19, 1931.)

JOE HALL for appellant.

J. W. CAMMACK, Attorney General, and S. H. BROWN, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE DIETZMAN—Affirming.

This is the second appeal of this case. The opinion on the first appeal, wherein may be found a full statement of the facts and questions involved, is reported in 234 Ky. 142, 27 S. W. (2d) 705. On the return of the case to the circuit court, the appellant was again put on trial, again found guilty, and again sentenced to serve two years in the penitentiary. He again appeals. The evidence heard on the last trial is substantially the same as that heard on the first.

All of the grounds now urged for a reversal except two were present on the former appeal and disallowed. The opinion in the former appeal is the law of the case, and hence these grounds are unavailing on this appeal.

The two new grounds are based on complaints of the self-defense instruction and of the argument of the commonwealth's attorney.

The judgment on the former appeal was reversed because the self-defense instruction embodied by the use of the word "escaping" the idea that appellant in order to avail himself of the right of self-defense, had "to retreat to the wall". On the second trial, the court eliminated the word "escaping" from the instruction and substituted in lieu thereof the word "avoiding". While it would have been better for the court to have followed the time-honored form of a self-defense instruction as may be found in Hobson on Instructions, sec. 758 et seq., it has been expressly held that the form in which the instruction was given and the use of the word "avoiding" instead of "escaping" is not erroneous. Connor v. Commonwealth, 118 Ky. 497, 81 S. W. 259, 26 Ky. Law Rep. 398. The court complied with the orders of this court on the former appeal as to what should be embodied in this instruction concerning appellant's right of defense of his habitation. If he wished to have that elaborated, he should have so requested on the former appeal. Failing in that, he cannot now complain of the instruction given as directed by the former opinion.

The other ground relied upon for reversal, and not presented in the first appeal, is the complaint of the argument of the commonwealth's attorney. It is claimed that the commonwealth's attorney in arguing the case to the jury, in two or three instances, stated the evidence as showing a certain state of fact when, in truth, it did not. Four instances of this are set out in the bill of exceptions. Appellant's complaint is without merit. In the first place, the bill of exceptions does not show that appellant made any objection to the argument of the commonwealth's attorney at the time it was made or until the bill of exceptions was prepared. In the second place, the reference of the commonwealth's attorney to the testimony of A. L. Johnson is, despite appellant's assertion to the contrary, substantially correct. In the third place, the statement about the appellant not coming down the next day after the shooting to the house where the wounded boy was lying abed, was not so material as to be prejudicial. In the other two references to the evidence, it appears that the commonwealth's attorney was probably not sustained by the evidence and while an attorney, and especially a commonwealth's attorney, should scrupulously keep within the record, yet, unless the misstatement of the evidence is prejudicial or, per-, haps, done to mislead the jury, a verdict which is amply

supported by the evidence will not be reversed on this ground. The jury heard the evidence and could check the statements of the commonwealth's attorney by its recollection. There was, so far as this record shows, no effort to mislead the jury, and the two statements complained of were not, under the circumstances, prejudicial. In Lunce v. Commonwealth, 232 Ky. 211, 22 S. W. (2d) 627, 628, we said:

> "There is nothing in this argument of the commonwealth's attorney of which any just complaint can be made except the statement that the appellant 'had shot up the railroad all the way up to the Murphy home.' It is true there was no evidence in the record to sustain that statement, but the testimony in the case was very limited, and the jury undoubtedly remembered it as well as did the commonwealth's attorney. It could not have been misled by this statement of the commonwealth's attorney, whose means of knowledge as to what happened was no greater than that of the jury. This statement, which the jury knew was unauthorized by the evidence, was, under the circumstances of this case, not prejudicial to any substantial right of the appellant."

No error appearing prejudicial to appellant's substantial rights, the judgment is affirmed.