## Centers v. Commonwealth.

(Decided Feb. 19, 1935.)

W. L. HAMMOND and J. S. WILSON for appellant.

BAILEY P. WOOTTON, Attorney General, and RAY L. MURPHY, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CREAL, COMMISSIONER—
Affirming.

For the second time Nathan Centers has been convicted of manslaughter on a separate trial under an indictment charging him and others with the murder of Tom Hendrickson and his punishment fixed at imprisonment for 21 years. The judgment on the first trial, in an opinion found in 254 Ky. 733, 72 S. W. (2d) 423, was reversed because of error in instruction. That opinion contains a statement of the facts concerning the homicide and events leading up to it, and a reference to it obviates the necessity of a further review of the history of the case except in so far as reiteration or statement of the additional matters in evidence may be necessary in a discussion of the grounds relied on for reversal.

As grounds for reversal it is argued: (1) That the court erred in the admission and rejection of evidence; (2) that the verdict is not supported by the evidence; (3) that the court erred in instructing the jury; and (4) that the attorney for the commonwealth in his closing argument made prejudicial and improper statements to the jury.

George Shelton, one of the defendants in the indictment, was introduced as a witness for the commonwealth. He and a number of deceased's immediate family who were present and witnessed the tragedy

testified that appellant fired the fatal shots, and their evidence is to the effect that Shelton fired no shots and in no way participated in the homicide. On the other hand, appellant and his codefendants testified that Shelton shot and killed Hendrickson. It is therefore contended by counsel for appellant that appellant had a right to show it was not he, but Shelton, who killed Hendrickson. It is not contended that appellant was not permitted to show all the acts and conduct of Shelton prior to and at the time of the tragedy, but he was asked on cross-examination if he had not stated to the sheriff, to an attorney with whom he and his codefendants were consulting, and to other persons, and in the presence of other persons, that he killed Tom Hendrickson. He denied practically all these statements; however, he testified in substance that appellant said to him after the homicide that if he did not assume the responsibility for the crime he would go like Hendrickson did. He admitted that he did say to D. L. Browning that he killed Hendrickson, but made this statement under fear and because of the threats of appellant and the other defendants in the indictment. The sheriff, the attorney, and others to whom Shelton denied he had made the statements testified that he did make statements in substance the same as those about which he was asked. All of these statements are alleged to have been made after the homicide and after Shelton, Centers, and the others had been taken to Barbourville.

The court instructed the jury not to consider the evidence of these witnesses as to statements made by Shelton as substantive evidence, but as bearing upon the credibility of the witness Shelton. It is argued that the court erred in thus limiting the effect of this evidence. Counsel cite and rely on the case of Morgan v. Commonwealth, 77 Ky. (14 Bush) 106. In that case it was held in effect that one standing charged with murder had a right to show that another was present, armed, and had an equal opportunity to or did commit the crime, and to show the acts and conduct of such other person towards deceased during the conflict, and his acts and conduct to show motive and malice that might have actuated him in so doing. To the same effect, see Etly v. Commonwealth, 130 Ky. 723, 113 S. W. 896, and Sidney v. Commonwealth, 1 Ky. Law Rep. 120.

In Roberson's New Kentucky Criminal Law, sec. 502, the author, in summing up the rule enunciated in

the foregoing and other authorities bearing on the question, in part says:

> "The admissions or confessions of third persons that they killed the deceased are not competent in exculpation of defendant; and evidence of threats by third persons, not co-conspirators with defendant, or of enmity or ill-feeling by such third persons against deceased, are also incompetent; but where the prosecution relies on circumstantial evidence or where the proof is conflicting as to whether the accused or another person perpetrated the crime, the accused may show. the conduct, acts and motives of that other person, as that he had previously assaulted, abused or threatened deceased; or he may prove a declaration made by a by-stander immediately after the rencounter to the effect that he, the by-stander, inflicted the wound or gave the blow which resulted in the death of deceased."

The evidence of these witnesses as to statements made by Shelton unquestionably would be admissible as substantive evidence against him if he had been on trial, but none of the authorities cited or which we have found signify that it was admissible as such in this instance. On the other hand, practically all authorities indicate that in the circumstances this evidence was only admissible for the purpose to which it was limited by the admonition of the court. Objection is made also as to other evidence admitted by the court to questions asked by attorney for the commonwealth, but we find upon examination of the record no evidence called in question which, if incompetent, could have been prejudicial; and concerning alleged improper questions by the attorney for the commonwealth, we find that the court sustained objection thereto and admonished the jury not to consider them. This court has often disapproved the conduct of the commonwealth's attorney in asking improper questions if persisted in; but here, only a few alleged improper questions are called to attention, and we find nothing in them calculated to mislead or prejudice a jury.

A review of the evidence in the opinion on the former appeal will reveal that the verdict and judgment find ample support in the evidence. The evidence of a number of witnesses clearly indicates that appellant fired the fatal shots in circumstances revealing no

excuse or justification for his act, and in such circumstances this court is not authorized to disturb the verdict because the jury accepted the evidence of witnesses for the commonwealth rather than that of defendant and his witnesses.

The instructions given are practically the same as those given on the former trial, with the additional instruction which the opinion on the former appeal indicated should have been given. They fairly and properly submitted to the jury the issues made by proof.

Counsel for appellant call in question a statement made by the commonwealth's attorney in his closing argument reflecting on the witness Sam Jackson. The court sustained objection to this argument before the commonwealth's attorney had completed his statement. A statement with reference to the evidence of one Durham concerning the location of the wounds on the body of deceased is also criticized. It appears that the court overruled objections to this statement but admonished the jury that if counsel should be mistaken in quoting the evidence, they should be guided by the evidence they had heard and not by the statement of counsel. What we have said concerning the competency of evidence attacked by counsel disposes of objections to some statements made by the commonwealth's attorney. On the whole we find nothing in the statements of the commonwealth's attorney, as set out in the record or referred to in briefs, that was calculated to inflame or prejudice the minds of the jury.

Upon a careful review of the record we find no error prejudicial to appellant's substantial rights.

Judgment affirmed.