# Peters v. Commonwealth.

June 14, 1949.

E. B. Rose, G. C. Allen and J. R. Llewellyn for appellant.

A. E. Funk, Attorney General, and H. D. Reed, Jr., Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE KNIGHT—Affirming.

On September 10, 1947, appellant shot and killed Steve Young, town marshall of Booneville, in front of the court house in that town. Deceased was shot four times with an automatic shotgun and died instantly. Appellant was indicted by the grand jury of Owsley County for willful murder and on trial of the case he was found guilty by the jury and his punishment fixed at life imprisonment. From a judgment based upon that verdict he prosecutes this appeal. The only grounds relied on for reversal are: (1) that the argument of the commonwealth's attorney was highly prejudicial; (2) the court erred in admitting incompetent testimony which was highly prejudicial to appellant; (3) the court erred in refusing to admit competent testimony offered by appellant.

Since there is no complaint that the verdict was not sustained by the evidence, it will not be necessary to summarize the testimony produced at the trial. It is therefore only necessary to state such facts as are essential to understand the background of the case. On the afternoon of the killing, between 5:00 and 5:30 o'clock, the deceased had crossed the street and was walking toward the court house yard. As he approached the sidewalk between two trucks parked there appellant was coming along the sidewalk carrying a loaded shotgun. Upon seeing the deceased approaching between the trucks appellant brought his gun to his shoulder and fired four shots at deceased in rapid succession, one or more of which took effect resulting in his instant death. The defense relied on at the trial was that the killing was in self defense and was based on the testimony of appellant and one other witness that as he came in sight of Steve Young the latter reached for his revolver which he was carrying in a holster at his side and believing Young was about to kill him he beat him to the draw and fired four shots at him with his automatic shotgun. His explanation of why he had the shotgun so conveniently at hand was that he had made arrangements to go squirrel hunting the next day with his nephew and had brought the gun to town for that purpose. His only explanation of why he had the gun loaded as he carried it along the

streets of Booneville was that he always kept it loaded and just forgot to unload it. There had been enmity between the two as the result of an arrest of appellant by deceased a month or more before in which appellant says he was hit over the head with a blackjack by deceased and had received other injuries at his hands and that he had heard of threats to kill him made by deceased. The immediate motive for the killing, as developed by the evidence for the commonwealth, appears to have been that on the day of the killing appellant learned that he had been indicted for false swearing in connection with another case. He went to the office of the circuit clerk to obtain information about this indictment and to learn who were the witnesses listed on the indictment. He learned that one of these was Steve Young, the deceased. Shortly after this information was obtained he had an acquaintance drive him to his home about a quarter of a mile from town. He returned with the loaded gun and hung around a pool room until he walked out on the street just before the killing took place. From a reading of all the testimony the jury could well have believed that it was a premeditated and deliberate murder for revenge. The plea of self defense was evidently not believed by the jury.

Coming now to the errors relied on for reversal. First are the statements complained of in the final argument of the commonwealth's attorney. These statements are six in number and since three of them are in the same category because it is contended that they are of an inflammatory nature, they will be considered together. One of these statements was, "His good wife over there was entitled to have Steve Young live and support her as long as the good Lord will let him live." Another was, "Make a verdict that will satisfy this old woman," pointing toward the widow of deceased. The other statement in this group made by the prosecuting attorney, as he pointed to the statutes, was, "I don't care what lawyers have written in those books, the Lord wrote on tablets of stone with his own finger, 'Thou shalt not kill.'" Objection was made to these statements but the objection was overruled and it is contended that the first two statements were a demand that the jury make a verdict to satisfy the widow of the deceased and not in accordance with the law embodied in the instructions.

As to the bible reference, it is contended that since the prosecuting attorney is also a preacher and has wide influence in that locality it was therefore highly prejudicial to allow him to thus depart from the evidence and argue religion to the jury. We do not think there was anything in any of the above statements that was prejudicial under the facts in this case. There was no misstatement of fact or attempt at filling in with testimony of his own by the prosecuting attorney and we think there was no transgression of the latitude allowed in the practice of such cases. Stanfill v. Commonwealth, 209 Ky. 10, 272 S. W. 1. Rather they were in the nature of oratorical flourishes which we said in Bullock v. Commonwealth, 241 Ky. 799, 45 S. W. 2d 499, did not justify reversal.

The other statements complained of fall in a different category from those just considered in that it is claimed that the prosecuting attorney stepped out of the record and made statements not supported by the evidence, or which brought in reference to other crimes than the one for which the defendant was being tried. These will be considered together. One of these statements was, "Not a witness said they communicated the threats to Bruce Peters and Bruce Peters was on the witness stand and never named a single man and never claimed they did tell him." When this statement was objected to by defense attorneys, the prosecuting attorney then said, "I don't care what anybody says, I know what the testimony was and Bruce Peters didn't claim he did." It appears that the commonwealth's attorney did make a mistake in saying that Bruce Peters when on the witness stand did not name a man who told him of the threats which deceased had made against him. In his testimony defendant Peters did name three men, Barret, Frye and Stepp, as having told him this. It is true no witness on the stand stated that he had communicated these threats to Peters. The court admonished the jury to remember the evidence but refused to discharge the jury and direct a mistrial. While the misstatment of the evidence was improper and we condemn such practice where done intentionally, we do not think it was prejudicial under the facts as developed in this case. We think the court did not err in refusing to discharge the jury for what appears to be only a lapse of

memory of the prosecuting attorney. We do not regard this error as serious enough to warrant reversal.

The other statement in this group complained of was the statement by the prosecuting attorney that, "The grand jury indicted him for false swearing in that trial for being drunk in which he was convicted and Steve Young was the witness and he was mad about that indictment for false swearing." This statement was not a misstatement of the evidence such as was complained of above, but appellant considers it was prejudicial because it brought before the jury the fact that defendant had been indicted for false swearing when he was not on trial for that offense. Ordinarily, of course, it is not permissible to bring in evidence or permit in the argument reference to other crimes charged against a defendant. It was brought out in this case only for the purpose of showing the motive for the killing as has heretofore been referred to in an earlier part of this opinion. We think this comment of the commonwealth's attorney was permissible to show a motive for the killing. Certainly it was not such as to justify a reversal as indeed none of the statements complained of were, in our opinion. A verdict which is amply supported by the evidence, as it was in this case, should not be reversed for statements no more serious than those appearing here and which do not prejudice the substantial rights of the accused. Caudill v. Commonwealth, 239 Ky. 712, 40 S. W. 2d 334; Davenport v. Commonwealth, 285 Ky. 628, 148 S. W. 2d 1054.

The other two grounds relied on for reversal, that incompetent evidence on behalf of the commonwealth was admitted and competent evidence offered by the defense was refused, will be considered together. The incompetent evidence complained of was the admission over defendant's objection of testimony that defendant had been indicted for false swearing. It was this indictment for false swearing in which one of the witnesses was Steve Young and on which the commonwealth relied as showing one of the principal motives for the killing. In the testimony of Circuit Clerk Ross concerning this indictment and defendant's visit to his office on the day of the killing to inquire about this indictment, he was asked the question, "What was he (defendant) indicted for Mr. Ross?" To which he answered, "False swear-

ing.'' Later in his testimony he was asked if his order book showed that Bruce Peters was indicted on September 9, 1947 for false swearing to which he answered that it did. Defendant's motion to exclude this testimony was overruled. Appellant contends that it was highly prejudicial because it brought to the attention of the jury another crime than that for which he was being tried and influenced the decision of the jury.

The indictment was so inextricably interwoven into the commonwealth's case against appellant as showing a motive for the crime that evidence concerning it and appellant's actions in connection with it on the day of the killing, as heretofore related, became relevant. The court should have admonished the jury that the only purpose of the testimony was to show a motive for the crime. However, since no admonition was requested, it was waived. Harvey v. Commonwealth, 287 Ky. 92, 152 S. W. 2d 282; Armstrong v. Commonwealth, 289 Ky. 758, 160 S. W. 2d 159, and cases therein cited.

On cross examination of Circuit Clerk Ross and to counteract his testimony that appellant had been indicted for false swearing, appellant attempted to show by the records of his office that Steve Young, deceased, had been convicted of false swearing. Appellant argues that since the commonwealth was allowed to introduce evidence that appellant had been indicted for false swearing, he should have been allowed to introduce evidence showing that deceased was convicted of a similar charge and that such testimony would have gone a long way toward exploding the motive theory of the commonwealth. Steve Young was not on trial and was not a witness. We fail to see how proof that he had in the past been convicted of false swearing would have rebutted commonwealth's evidence of the indictment of appellant for the purpose of showing motive. We think such testimony was properly excluded.

Upon consideration of the whole record we are of the opinion that appellant had a fair trial. He was convicted by a jury under instructions of which he does not complain and the jury gave him a lesser punishment than it might have inflicted under the evidence in the case.

Wherefore the judgment is affirmed.