**Clint SMITH and Rebecca Louise Smith, Appellants,**

**v.**

**Terry Phillip WRIGHT and Fireman's Fund American Ins. Co., Appellees.**

Court of Appeals of Kentucky.

June 28, 1974.

Rehearing Denied Sept. 20, 1974.

J. William Graves, James W. Owens, Paducah, for appellants.

Burke B. Terrell, J. David Boswell, Terrell, Schultzman & Hardy, Paducah, for appellee, Fireman's Fund American Ins. Co.

Charles M. Chaney, Chaney & Daughaday, Mayfield, for appellee, Terry Phillip Wright.

JAMES PARK, Jr., Special Commissioner.

This action arises out of a collision which occurred on December 17, 1969, on Kentucky Highway 770 approximately three-tenths of a mile North of Mayfield, Kentucky. A motorcycle operated by the appellee, Harry Phillip Wright, collided with a pickup truck owned by the appellant, Clint Smith, and driven by his wife, the appellant, Rebecca Louise Smith. Rebecca Louise Smith sought to recover from Wright damages for personal injuries. Her husband sought to recover from Wright damages to his pickup truck and for loss of consortium. The appellee, The Firemen's Fund American Insurance Company, was permitted to intervene as an additional defendant. The appellants were afforded uninsured motorist coverage under a policy of insurance with the insurance company.

Upon a trial of the case, a jury returned a verdict for Wright against both Mr. and Mrs. Smith. Judgment was entered by the trial court upon the verdict adjudging that the appellants recover nothing against either appellee, and dismissing the action. The appellants appealed.

Prior to the collision, Wright had been traveling North on the highway on his motorcycle following a pickup truck operated by Carl Grooms. Mrs. Smith was entering the highway from the parking lot of a stockyard situated on the East side of the highway. According to Mrs. Smith, she observed Grooms' pickup truck approaching from the South in the northbound lane of traffic. Mrs. Smith testified that she observed a turn signal operating on the Grooms' pickup truck indicating that Grooms intended to turn into the stockyard. Mrs. Smith then entered the highway with the intention of proceeding South toward Mayfield. As she neared the center of the highway, Mrs. Smith observed Wright proceeding North on his motorcycle in the southbound lane of traffic.

According to Wright, he was undertaking to pass the Grooms' pickup truck when Mrs. Smith pulled out of the stockyard directly into his path. Wright testified that he attempted to brake his motorcycle but was unable to avoid colliding with the Smith pickup truck. According to Mrs. Smith, Wright was some three hundred fifty feet up the highway when she first observed his motorcycle. Mrs. Smith testified that Wright had passed the Grooms' pickup truck and had ample opportunity to return to the northbound lane of traffic prior to the collision.

The collision occurred in the southbound lane of traffic. The Smith pickup truck was stopped at an angle across the southbound lane of traffic with one or more of its front wheels off the West edge of the highway. The Wright motorcycle struck the left front door of the Smith pickup truck approximately twelve inches behind the door hinge.

■ The appellants' first assignment of error is the trial court's failure to give a last clear chance instruction. The last clear chance doctrine is designed to relieve a plaintiff from the harsh effects of the contributory negligence rule. By definition, the last clear chance doctrine is applicable only to the negligent plaintiff. If Mrs. Smith was not negligent, then, the failure to give the last clear chance instruction could not be prejudicial error. In order to determine the applicability of the last clear chance doctrine, consideration must be given to the nature of the plaintiff's negligence.

In Instruction No. 3, the Court instructed the jury that it was Mrs. Smith's duty to stop and not to proceed from the stockyard's parking lot onto the highway "if there was a motor vehicle approaching on the highway which she knew was approaching, or by the exercise of ordinary care could have known was approaching, so near as to constitute an immediate hazard, and to yield the right-of-way to such vehicle and not to proceed into the high-

way until she could do so with reasonable safety to the traffic thereon." This instruction recognized the duty imposed by KRS 189.330(7) upon anyone entering a highway from a private road or driveway. Whether Mrs. Smith violated that statute and was therefore negligent depended upon the proximity of the Wright motorcycle at the time she entered the highway. See, Webb Transfer Lines, Inc. v. Taylor, Ky., 439 S.W.2d 88 (1969). Under the court's instructions, it was not negligence for Mrs. Smith to enter the highway unless the jury believed from the evidence that the Wright motorcycle was so near as to constitute an immediate hazard and that Mrs. Smith entered the highway when she could not do so with reasonable safety.

According to Mrs. Smith's testimony, when she entered the highway the Wright motorcycle was far enough down the highway that it could have safely passed the Grooms' pickup truck and re-entered the northbound lane of traffic. If the jury had believed her testimony, then, the jury could not have found Mrs. Smith guilty of contributory negligence, and there would be no occasion for the application of the last clear chance doctrine. On the other hand, if the jury believed that Mrs. Smith was negligent in entering the highway when the danger of collision was imminent then, it cannot be said that Wright had a last clear chance to avoid the collision. See, Smith v. Crenshaw, Ky., 344 S.W.2d 393 (1961). When the act creating the peril occurs almost simultaneously with the happening of the collision, then, the last clear chance doctrine is not applicable because neither party can fairly be said to have a last clear chance to avert the consequences. This is particularly true in collisions between moving automobiles at intersections or private driveways. The refusal of the trial court to instruct on last clear chance was not error.

The appellants' second assignment of error relates to the trial court's action fol-lowing an objection to appellants' closing argument. During cross examination by the appellants' counsel, Wright testified as follows with respect to whether he was wearing any kind of face or eye shield:

"Q How were you dressed that day, had on a motorcycle jacket?

"A Yes, I had on a regular leather motorcycle jacket, what they usually wear, and had my helmet on. I believe I had a set of glasses but I believe they were broken. I ain't going to say for sure, but I think I did.

"Q You didn't have any visor on, correct?

"A No.

"Q As required by law?

"A No.

"Q But you think maybe you had these broken glasses on?

"A Yes."

During his closing argument, the appellants' attorney argued:

"MR. GRAVES CONTINUES: Mr. Boswell talked about how well this boy could operate a motorcycle. If he could operate it that well he would have had a properly equipped motorcycle with a horn and face shield. He talked about the errors of judgment of Rebecca Louise Smith. What kind of error of judgment is it to get out on a motorcycle on a cold winter day without a face shield and horn? What other errors of judgment were made? I don't even think Terry Phillip Wright knows."

The attorney for the insurance company objected to a number of statements made during the appellants' closing argument, including the statement "that no one testified that Mr. Wright had no eye protective device, when in fact Mr. Wright testified he

was wearing them." The Court then admonished the jury as follows:

"You will disregard the part where Mr. Graves said Mr. Wright had no eye protective device. You will consider the testimony that Mr. Wright said he was wearing goggles as the Court remembers it, but as to that the jury will use their own recollection, not mine or Mr. Graves or the other counsel, but what you heard."

The appellants assert that the admonition by the trial court constituted prejudicial error.

■ There are occasions when an attorney in closing argument will make unintentional misstatements based upon faulty memory of the testimony, to which opposing counsel objects. When the testimony in question is not crucial, it is not error for the court to admonish the jury to recall the evidence themselves rather than rely solely on arguments of counsel. Peters v. Commonwealth, 310 Ky. 649, 221 S.W.2d 629 (1949); Taylor v. Commonwealth, 274 Ky. 702, 120 S.W.2d 228 (1938); Centers v. Commonwealth, 258 Ky. 7, 79 S.W.2d 346 (1939). When the disagreement of attorneys concerns collateral or unimportant matters, such a course of action may be in the best interests of all parties, rather than time-consuming search for the exact testimony in the court reporter's notes.

■ Unfortunately, there are occasions when an attorney deliberately goes outside of the record or intentionally misstates the testimony for the purpose of misleading the jury. In such cases, the trial court should not leave it to the jury to determine whether the attorney has misstated the facts or gone out of the record in closing argument. To leave the issue to the jury to determine would encourage the "bushwhacker" in unprofessional conduct. The trial court not only may, but should, inform the jury of the correct testimony of the witnesses in such circumstances. If the trial court cannot recall the testimony accurately, then, the court should refresh his recollection by use of the record being made by the court reporter. Huber v. Noe's Adm'x, 252 Ky. 779, 68 S.W.2d 406 (1934); Moss v. Mittel, 253 Ky. 504, 69 S.W.2d 1046 (1934); Horton v. Herndon, 254 Ky. 86, 70 S.W.2d 975 (1934); Black Mountain Corp. v. Partin's Adm'r, 260 Ky. 680, 86 S.W.2d 676 (1935).

■ If either party objects to an admonition that the jury should determine whether the closing argument correctly stated the testimony, a request should be made to the court that the court reporter read to the jury the portion of the testimony in question. Likewise, if either party believes that the trial court has not correctly stated the testimony, then, he should request that the court reporter read to the jury the portion of the witness' testimony in question.

When there is disagreement between the attorneys during closing argument with respect to the testimony, the situation is not unlike that presented when there is a disagreement by the jurors as to the testimony. In such cases, the jurors may have the testimony in question read back to them. KRS 29.304.

■ In the present case, the appellants were entitled to have the pertinent portion of Wright's testimony read to them by the court reporter. However, the appellants did not request the trial court to do so, and the appellants are not entitled to complain of the trial court's actions for the first time on appeal. See, Little v. Whitehouse, Ky., 384 S.W.2d 503, involving the right to have disputed testimony reread to the jury under the provisions of KRS 29.304. When no objection is made to the trial court's ruling, relief can be granted only upon a determination that manifest injustice has resulted from palpable error. CR 61.02. No such manifest injustice or palpable error is here presented.

■ During the trial, the appellants were represented by two attorneys. Dur-

ing the appellants' case, Wright was called to testify as if upon cross examination, and he was examined by one of the attorneys. During the appellees' case, Wright again testified. On that occasion, the second attorney for the appellants sought to cross examine Wright. Appellants' third assignment of error is the trial court's ruling that Wright could be cross examined only by the attorney for the appellants who had examined Wright when he first testified. It is ordinarily within the sound discretion of the trial court to limit the examination of a witness to a single attorney for each party. Even if this rule does not apply when a witness is recalled to the stand at a later stage in the proceedings, there is nothing in the record which in any way indicates that the court's ruling in any way prejudiced or affected the substantial rights of the appellants. The argument is without merit.

The judgment of the trial court is affirmed.

All concur.