Ranleigh A. HOLCOMB and Garland M. Holcomb, Appellants,

v.

CITY OF LOUISVILLE et al., Appellees.

Court of Appeals of Kentucky.

April 22, 1977.

Daniel T. Taylor, III, Louisville, for appellants.

Burt J. Deutsch, Stuart E. Alexander, Louisville, for appellees.

Before COOPER, REYNOLDS and VANCE, JJ.

VANCE, Judge.

This is a suit against the City of Louisville and some of its police officers for an alleged assault and battery upon appellants which resulted in a jury verdict for appellees. The question is whether it was prejudicially erroneous to require the jury to deliberate upon the case without complying with its request that the court reporter's transcript of the testimony of two witnesses be read to them.

The case was submitted to the jury at the end of the second day. On the morning of the third day the jury returned to the court room and asked to have the testimony of two witnesses read to them. The foreman of the jury told the court the jury could not reach a verdict unless the testimony was reread. The court reporter had called earlier that morning that she would not be in because of illness.

When the request for the testimony was made an attempt to get in touch with the court reporter was not successful. She was not at home and was not located that day. Whether she was actually ill does not appear of record. Her notes and tapes could not be located.

When it became apparent that the court reporter could not be found the trial judge in effect told the jury that they were entitled to have the testimony read but that the court reporter was absent because of illness and it might not be possible to obtain the testimony. Over the strenuous objection of appellees the court then directed the jury to resume deliberation of the case as if he had denied the request but subject to the fact that he might reconsider if it became feasible to do so.

KRS 29.304 provides that a jury may have testimony read if there is a dispute as to what any witness has testified. It is error for the court to deny a request to have testimony reread. *Little v. Whitehouse*, Ky., 384 S.W.2d 503 (1964); *Smith v. Wright*, Ky., 512 S.W.2d 943 (1974).

No case called to our attention has presented a factual situation where the court reporter was not available to read the testimony. We believe, however, that this is not a controlling factor. When there is a dispute as to what a witness testified the jury should not be forced to continue deliberation without the information.

In this case the jury did not, of its own accord, consent to a resumption of deliberations while a search for the court reporter was in progress but rather it was ordered to resume deliberation as if its request for the testimony had been refused.

We cannot say that the fact a verdict was reached is indicative of an agreement upon the part of the jurors to decide the case without the requested testimony. It is at least as likely that they felt the requested information had been denied and that they were forced to proceed without it.

The error was prejudicial because the testimony which the jury wanted to have reread was that of two witnesses who appeared on behalf of appellants. Their testimony generally placed the blame for starting the altercation on the police officers. If there was some dispute as to what their testimony was it was to appellants' advantage to have that dispute settled by the reading of the testimony.

During the consideration of the jury's request appellees moved for a mistrial. The motion was objected to by appellants and was denied. Appellees now contend the refusal of appellants to agree to a

mistrial precludes their raising the issue upon which they seek reversal. The contention is without merit. Appellants may have had many cogent reasons for wanting the case to be decided by the jury which had already heard the evidence. They were not required to agree to a mistrial and the refusal to so agree does not cure any error in requiring the jury to deliberate before it had received the information requested.

The judgment is reversed for further proceedings consistent with this opinion.

All concur.