**Sherri BELLAMY, Individually; Sherri Bellamy, Administratrix, Erica Bellamy Estate, Appellant,**

v.

**Kunja PATHAK, M.D., Appellee.**

No. 92–CA–001667–MR.

Court of Appeals of Kentucky.

May 21, 1993.

Discretionary Review Denied by Supreme Court Feb. 16, 1994.

Joseph C. Souza, Nancy L. Richerson, Louisville, for appellant.

Murray A. Raines, W. Cravens Priest, III, English, Lucas, Priest & Owsley, Bowling Green, Jesse L. Riley, Russellville, for appellee.

Before JOHNSON, McDONALD and STUMBO, JJ.

STUMBO, Judge:

This appeal arises from a medical malpractice action filed by Appellant, Sherri Bellamy (hereinafter "Bellamy"), Individually and as Administratrix of the Estate of Erica Bellamy, deceased, against Appellee, Kunja Pathak, M.D. (hereinafter "Pathak"). The jury returned a verdict in favor of Pathak, and the Logan Circuit Court entered judgment accordingly. After reviewing the record and the law, we must reverse and remand for a new trial.

In view of the limited transcript filed with the appeal and the narrow scope of the issues on appeal, we will limit our discussion of the facts to the issues presented. After the jury had retired, it advised the trial court that it had certain questions concerning the evidence presented. The jury asked whether the "Parkland" study, which was apparently mentioned by the experts, was conducted "solely on hypertensive patients or toxemic patients." It further inquired as to whether Bellamy's expert had testified in terms of possibilities or probabilities of increasing the longevity of the fetus if Bellamy had been placed on bed rest.

For the record, we note that the Parkland study is not included in the record on appeal. We have been advised that the experts referred to portions of it during their testimony, but that the study was not introduced, nor did the experts mention or note the type of patient involved in the study.

As for Bellamy's expert, on direct examination he testified in terms of reasonable medical probability. The mention of "possibility" at trial came on cross-examination, where he was asked about his testimony in his deposition. The question and answer were as follows:

Q. I will read the question and your answer. I'll leave out, 'I appreciate that.' 'So that I can understand your testimony, it's your opinion that the gestational age of the child could have been increased or could possibly have been increased if Dr. Pathak on October 21, 1983, had recommended a regiment [sic] of bed rest for Ms. Bellamy,' and your answer, 'That's correct.' Do you have any reason to believe that the court reporter put down anything other than what I said and what you said.

A. No, I don't.

The trial court and counsel retired to chambers to consider the jury's requests. Bellamy's counsel conceded that the Parkland study could not be reread to the jury, since to do so would allow them to "essentially [take] the study back with them." As a result, the error, if any, as to the study was waived. *See Byck v. Commonwealth Ins. Co.*, Ky., 269 S.W.2d 214, 218 (1954).

As for the question about the expert's testimony, although Bellamy's counsel had some doubts as to the propriety of it, he requested

the trial court have it read to the jury from either the transcript or deposition of the expert so as to avoid having the jury speculate on the question. Thus, despite Pathak's argument to the contrary, there was no waiver by Bellamy. The trial court determined not to reread the testimony and admonished the jury that rereading it would give undue emphasis to it, the jury was charged with recalling the evidence as best it could, and the parties' counsel "agreed" that rereading it was improper. Our review of the record does not disclose whether the trial court thought it had any discretion on the issue.

Approximately one hour later, after conducting some needed, but belated, research, Bellamy's counsel asked the trial court to reconsider, since the trial court did have discretion on the issue. At the same time, counsel had a discussion as to potential technical difficulties in rereading or replaying the trial testimony. Apparently, the recording of the expert's testimony made by the court reporter was extremely difficult to hear or understand due to background noise. As a result, in order to hear the testimony the recorder had to be placed next to the listener's ear. For some reason undisclosed in the record, and unknown to this Court, Bellamy's counsel also agreed that it was not a good idea for the court reporter to reread the testimony from her notes. Nonetheless, Bellamy's counsel still strongly advocated the necessity of answering the jury's question concerning the expert's testimony, which further establishes the absence of any waiver on this issue. The trial court stuck to its original decision, which again was made without reference to any discretion vested in the trial court on the issue.

■ A trial court has discretion to permit the rereading or replaying of testimony given at trial after a specific request by the jury. *Humana, Inc. v. Fairchild*, Ky.App., 603 S.W.2d 918, 921 (1980). The trial court's discretion must balance the risk of unduly emphasizing particular testimony and the need to eliminate obvious juror confusion. *See Smith v. Wright*, Ky., 512 S.W.2d 943, 947 (1974), where it was noted that KRS 29.304, which mandated rereading to the jury, but which has since been repealed, was applicable by analogy to a dispute over testimony arising in the course of a closing argument so as to avoid misleading or confusing the jury; *Holcomb v. City of Louisville*, Ky. App., 600 S.W.2d 464, 465 (1977), which also arose during the time when KRS 29.304 was effective, but strongly noted the jury's right to deliberate with a correct understanding of the testimony rather than under any enforced confusion; and *United States v. Sacco*, 869 F.2d 499, 501 (9th Cir.1989), which noted the risk of unduly emphasizing selected testimony. We note that it has been held error for the trial court to make its decision on the issue without knowing it has discretion, and exercising that discretion. *See State v. Hines*, 54 N.C.App. 529, 284 S.E.2d 164, 169 (1981), citing *State v. Lang*, 301 N.C. 508, 272 S.E.2d 123 (1980).

■ In this action, the jury was apparently confused regarding one of the key issues in the case relating to the degree of certainty with which Bellamy's expert testified as to the likelihood of increasing the longevity of the fetus if Bellamy had been placed on bed rest. The jury should be able to decide such an important issue based upon the actual testimony at trial rather than being forced to speculate about it. As a result, we conclude that the trial court abused its discretion in not rereading the expert's testimony to the jury. We leave to the trial court's discretion the question of how much of the expert's trial testimony needs to be reread. Moreover, the trial court erred, in any event, because it did not establish on the record that it was exercising the discretion vested in it. Nor do we think any "technical" difficulties should be allowed to stand in the way of the jury's search for the truth, particularly since we can place our confidence in the ingenuity of the trial courts and counsel of this Commonwealth in overcoming such problems. In view of the importance of the issue, we have no difficulty in concluding that the failure to reread the expert's testimony was prejudicial error requiring a new trial.

For the reasons set forth above, we reverse the judgment of the Logan Circuit

Court and remand for further proceedings consistent with this opinion.

All concur.