Linda YOUNG, Appellant,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellee.

Nos. 96–SC–1134–DG, 95–CA–116.

Supreme Court of Kentucky.

Sept. 3, 1998.

Penny Travelsted, Hixson, Downey & Travelsted, Bowling Green, for Appellant.

William J. Rudloff, Rudloff, Golden & Evans, Bowling Green, for Appellee.

## OPINION OF THE COURT

The Warren Circuit Court entered judgment on a jury verdict awarding appellant Linda Young $13,242.87 in damages as a result of a motor vehicle accident. Young's subsequent motion for new trial alleging irregularity in the jury proceedings (CR 59.01) was denied. Having granted discretionary review of the Court of Appeals decision affirming the trial court, we now reverse and remand for a new trial on the issue of damages.

Liability for the accident is not in dispute; Young's automobile was struck head-on by an intoxicated hit-and-run driver. A default judgment was entered against the drunken driver. Young and the owner of the car which struck her have settled. Appellee State Farm Mutual Automobile Insurance Company is Young's underinsured motorist carrier.

The primary evidentiary dispute at trial focused on Young's preexisting back condition and the extent to which it was aggravated, if any, by the trauma of the automobile accident. Young, who had back and leg pain attributable to spondylolisthesis prior to the accident, told the police officer at the scene that she was not injured. After the accident, however, her spondylolisthesis increased and her pain worsened. Subsequently, Dr. Paul McCombs, a Nashville neurological surgeon, performed a decompressive laminectomy and spinal fusion from L3 to S1, which successfully reduced Young's pain. In his deposition Dr. McCombs attributed the increase in Young's spondylolisthesis to the accident.

Dr. Dennis O'Keefe, a neurologist who examined Young at the request of State Farm, opined, *inter alia,* that 75% or more of Young's physical complaints were due to her pre-existing condition, and that there was a 75–80% probability that Young would have required back surgery even if she had not been involved in the traffic accident.

During deliberations a dispute arose among the jurors as to the substance of the testimony of Dr. McCombs and Dr. O'Keefe. The jurors asked the bailiff for the doctors' depositions and were informed by him that they were not allowed to have the depositions. Deliberations continued thereafter and the jury returned a verdict in the amount of $13,242.87.

In her motion for new trial, supported by the affidavits of three jurors, appellant Young concedes that the jury was not entitled to take the depositions into the jury room. *Thompson v. Walker,* Ky.App., 565 S.W.2d 172 (1978). Young claims, however, that had she been apprised of the jury's request she would have moved the court to inform the jury that parts of the depositions could be reread to them or a portion of the videotaped testimony replayed in order to resolve any dispute as to the substance of the testimony of the expert witnesses. The fact that the jury's request was not communicated to counsel or to the trial court, appellant maintains, constitutes a clear irregularity in the trial of the case warranting the trial court's granting of a new trial.

In its order denying the motion for new trial the circuit court found appellant suffered no prejudice from the claimed error. Observing that the jury awarded Young medical damages, the trial court concluded that appellant's complaint must be with the jury's failure to award damages for permanent impairment of earning capacity. Noting that the jury did not request the deposition of the occupational expert, the court found no prejudice. The trial court was also persuaded by affidavits submitted by appellee State Farm. In those affidavits certain jurors stated that the jury was able to make a fair and reasonable determination without rehearing the medical depositions.

Affirming, the Court of Appeals found no "appearance of evil," as was found in *Dillard v. Ackerman,* Ky.App., 668 S.W.2d 560, 562 (1984), where the bailiff sat in the jury room during the jury's deliberations. The lack of "appearance of evil" coupled with its conclusion that no prejudice was shown, convinced the Court of Appeals that the trial court did not abuse its discretion in denying the motion for new trial.

In her appeal to this court Young stresses that pursuant to KRS 29A.320(1) the bailiff is prohibited from communicating with the jurors except to ask them if they have agreed upon a verdict. She also notes that the bailiff's error in communicating with the jury was compounded in this case because the information provided by the bailiff was misleading in that it caused the jurors to believe that the information they sought was unavailable, when, in fact, the trial court had the discretion to order the relevant testimony replayed. *Bellamy v. Pathak,* Ky.App., 869 S.W.2d 45 (1993).

█ Finally, appellant disputes the lower courts' finding of harmless error. Since the doctors expressed conflicting opinions on the effect of the traffic accident on appellant Young's spondylolisthesis, Young contends that appellee's counter-affidavits are not credible in stating that the failure to provide the information did not affect the deliberations and award. We agree.

█ The function of the jury is to determine the facts based upon the evidence presented to it. While individual jurors may disagree as to the proper inference to be drawn from the evidence presented, the jurors should have a clear understanding of the evidence upon which their factual determinations are to be based. *Holcomb v. City of Louisville,* Ky.App., 600 S.W.2d 464 (1977). Here the bailiff clearly exceeded his authority in telling the jurors they were not entitled to the depositions. The jurors' request should have been immediately conveyed to the trial judge, who could have ordered the depositions reread or ordered a replay of the videotaped testimony. Bailiffs are cautioned to follow the law and bring any question to the attention of the court. Thus in this case, as in *Dillard v. Ackerman, supra,* the patent-

ly improper conduct of the bailiff warrants application of the "appearance of evil" exception to the rule that a jury cannot impeach its own verdict.

We also agree with appellant as to the merit of appellee's counter-affidavits, in which several jurors opined that the failure to review the physicians' depositions did not affect the deliberations or award. If certain jurors were confused as to the actual testimony given by the medical experts, it cannot be stated with conviction that the failure to provide the relevant information had no effect on their verdict.

The opinion of the Court of Appeals is reversed, and this case is hereby remanded to the Warren Circuit Court for a new trial limited to the issue of damages.

All concur.